## LOGAN *v.* EASTERN ARKANSAS LAND COMPANY.

Opinion delivered June 9, 1900.

1. TAX SALE—PUBLICATION OF NOTICE—PROOF.—The certificate which the law requires the county clerk to make and record, showing in what newspaper the list of delinquent lands and the notice of sale were published, and the date of publication, and for what length of time (Mansf. Dig. § 5763), cannot, if insufficient, be aided by the testimony of the publisher of the list and notice, showing that due publication thereof was made. (Page 250.)

2. SAME—MERITORIOUS DEFENSE.—The failure of the county clerk to append to the recorded list of delinquent lands the certificate required by Mansf. Dig., § 5763, is a "meritorious defense," of which the original owner of land sold for taxes cannot be deprived by the execution of a deed from the county clerk to the purchaser at tax sale. *Cooper* v. *Freeman Lumber Co.*, 61 Ark. 36, followed. (Page 250.)

Appeal from Independence Circuit Court in Chancery.

RICHARD H. POWELL, Judge.

*H. S. Coleman,* for appellant.

The manifest intention of the legislature in enacting the law governing tax sales (Sand. & H. Dig., § 6623 *et seq.*) is clearly to uphold tax sales by every reasonable intendment; and the courts should endeavor to effectuate this intent. Appellee failed to support, by any evidence, his allegation that the lands were not legally advertised. The sale was not invalidated by the failure of the clerk to make the certificate required in

Sand. & H. Dig., § 6606, *before* the day of sale. *Cf.* 34 Fed. 701; 140 U. S. 634; 55 Ark. 218; 65 Ark. 595. Appellee's complaint was fatally defective in that it failed to allege that he, or those under whom he claimed title, had paid all the taxes due on the land before the bringing of the suit. Sand. & H. Dig., § 6625.

*John B. Jones,* for appellee.

The sale was void because the record did not show the facts prescribed by the statute; and evidence *aliunde* was not competent to supply the defect. 55 Ark. 218; 140 U. S. 634; S. C. 34 Fed. 701; 32 Wis. 394. The proof of publication must show that the paper had a *bona fide* circulation in the county, and that it was published a month before the first insertion. 65 Ark. 90; 52 Ark. 312; 51 Ark. 34.

BATTLE, J. This action was brought by the Eastern Arkansas Land Company against H. G. Logan to quiet title to certain lands described in its complaint. The claim to the lands against which it seeks to quiet its title is based upon a sale of the lands to the defendant in 1895 for the taxes of 1894. It claims that the sale was void, because the clerk of the county court failed to record the list of lands returned delinquent on account of the non-payment of the taxes of 1894, of which the lands in question were a part, and a notice that the same would be sold by the county collector, in a book kept for that purpose, before the day of sale, with a certificate, made by himself, at the foot of such record, stating in what newspaper said list was published, what length of time published, the date of publication, and the length of time the same was published before the second Monday in June then next ensuing. It is conceded that the certificate which the county clerk was required to make at the foot of such record was not made until after the day fixed for the sale. On account of the failure of the clerk to make such certificate in the manner and within the time stated, the circuit court held that the sale of the land in controversy to the defendant for the taxes of 1894 was void, and quieted the title of the plaintiff against the same; and the defendant appealed.

The only question for our consideration in this case was decided in *Martin* v. *Allard*, 55 Ark. 218. In that case the question was, can the certificate which the law requires the clerk to make be superseded by the testimony of the publishers of the list of delinquent lands, showing that the notice of sale was published in the manner required by law. The court said: "The statute prescribes that the list of lands delinquent for non-payment of taxes shall be published for two weeks between certain specified dates, with a notice of the intent to sell them. Mansf. Dig. §5762. It requires the clerk of the county court to record the list and notice of sale in a book to be kept in his office for that purpose, with a certificate showing in what newspaper it was published, for what length of time, and the date of publication. *Ib.* § 5763. The statute denominates this entry a record; *it requires that it shall be made by the clerk before the sale,* and provides that it shall be evidence of the facts it recites. *Ib.* § 5763. And the court further said: "But, conceding that the publisher's testimony goes to the extent of proving that the notice of sale was published as the law requires, the question is whether it is competent to establish the fact in that way. * * * The identical question here presented arose in the circuit court of the United States for the eastern district of Arkansas in a suit by the appellant in this case to confirm a tax title depending upon the forfeiture now under consideration, where the same effort was made to supply the defect in the tax record by the testimony of the publishers of the newspapers. The circuit court rejected the testimony, and the ruling was affirmed on appeal to the Supreme Court of the United States, where it was said: 'The provision (section 5763, Mansfield's Digest) is a peremptory one, and it cannot be dispensed with, without invalidating the proceeding;' that is, the tax sale. *Martin* v. *Barbour*, 140 U. S. 634; S. C. 34 Fed. Rep. 701. That conclusion follows from the authorities before cited. The appellant's title therefore fails." See also *Taylor* v. *State*, 65 Ark. 595.

The court, in effect, held in *Martin* v. *Allard* that the provision of the statute requiring the clerk to record the certificate before the day of sale was mandatory. If this ruling be cor-

rect, it must have been made upon the theory that the provision subserved some useful purpose. Can it do so? Under the statutes of this state, the least quantity of each tract of land delinquent is sold to the person who will pay the taxes, penalty and costs charged against the tract. If the certificate is made before the sale, persons desiring to purchase can ascertain whether the land has been advertised according to law; and, finding that the law has been complied with, would be encouraged to bid and purchase by paying the taxes, penalty and costs for less land than they would if there was no record evidence of a compliance with the statute. In this way it serves as a protection to the original owner of the land; and the failure to comply with it becomes a defense to him against the sale, of which he cannot be deprived by any deed of the county clerk to the purchaser at the tax sale, as held in *Cooper* v. *Freeman Lumber Company*, 61 Ark. 36.

While the rule established in *Cooper* v. *Freeman Lumber Company*, 61 Ark. 36, does not accord with the views of the writer of this opinion, it is binding upon him as a precedent until it shall be overruled. "Judges are not expected or required to overturn principles which have been considered and acted upon as correct, thereby disturbing contracts and property, and involving everything in inextricable confusion, simply because some abstract" rule of law has been incorrectly established in the outset.

Decree affirmed.