## HUNT *v.* GARDNER.

### Opinion delivered March 25, 1905.

TAX SALES—RECORD OF DELINQUENT LANDS.—Under Kirby's Digest, § 7086, requiring the county clerk to record the list of delinquent land with a notice and a certificate stating in what newspaper said list was published, the date of publication, and for what length of time the same was published, failure of the clerk to record such list with notice and certificate before the day of sale invalidates all sales made by the collector on such day.

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*Myers & Bratton,* for appellant.

The tax sale was regular in all things and valid. 55 Ark. 218; 68 Ark. 248.

*Roleson & Woods,* for appellee.

The certificate was not placed on the record before the day of sale, and the sale is therefore void. Black. Tax T. § 214. Jurisdictional facts must affirmatively appear of record. 55 Ark. 30, 218; 51 Ark. 34.

McCULLOCH, J. Appellee sues to cancel, as a cloud upon his title to certain lands, a deed executed to appellant by the county clerk pursuant to a sale by the collector for taxes.

The validity of the tax sale is challenged upon the ground that the clerk failed to record and certify *before* the day of sale the published list of lands to be sold, as required by law. The

statute in question is as follows: "The clerk of the county court shall record said list and notice in a book to be by him kept for the purpose, and shall certify at the foot of said record, stating in what newspaper said list was published, and the date of publication, and for what length of time the same was published before the second Monday in June then next ensuing, and such record, so certified, shall be evidence of the facts in said list and certificate contained." Kirby's Dig. § 7086. The clerk recorded the list, and made the required certificate *on* the day of sale.

The decree below cancelled the tax deed in accordance with the prayer of the complaint, and the defendant appealed.

This court has held that a failure by the clerk to record the list and certify the publication until after the day of sale rendered the sale void. *Logan* v. *Eastern Ark. Land Co.,* 68 Ark. 248. In that case, the certificate having been made after the day of sale, it was unnecessary to decide whether or not the making of the certificate on the day of sale would be a compliance with the statute; but in the opinion a strong intimation is given that it would not be, and that the certificate must be made before the day of sale. The reasoning of the court leads to that conclusion.

There was no proof here to show whether the certificate was made before or after the hour of sale, and we need not indulge in presumption to determine at what hour it was made, as the law in such instance will take no heed of parts of days. If the certificate could be legally made on the day of sale, it could be made any time during the day. Treating it as settled by former decisions that the certificate cannot be made after the day of sale, it necessarily follows, from the language of the statute, that it must be made *before* the day of sale, and cannot be made *on* the day of sale. It was the manifest intention of the lawmakers to perpetuate, by this record, evidence of the notice of sale, its contents and time and manner of publication, and to make the record the sole evidence thereof. Looking at the statute, as we must, to discover when the record must be made, it is clear that it was intended to require the same to be made and certified before the day of sale.

The chancellor was correct in so holding, and his decree is affirmed.