## COOK *v.* ZIFF COLORED MASONIC LODGE NO. 119.

### Opinion delivered July 23, 1906.

1.  EJECTMENT—PLAINTIFF'S TITLE.—A plaintiff in ejectment must rely upon the strength of his own title. and not upon the weakness of his adversary's. (Page 34.)

2.  SUIT TO QUIET TITLE—TITLE.—Where a defendant in ejectment files a cross-complaint, asking that his title be quieted by canceling plaintiff's tax deed, alleged to be invalid, defendant must allege and prove title in himself. (Page 34.)

3.  TAX SALE—CLERK'S CERTIFICATE TO RECORD—PRESUMPTION.—Kirby's Digest, § 7086, providing that the county clerk shall record the notice of delinquent tax sales in a book to be kept by him for that purpose, and that he shall certify at the foot of said record, stating in -what newspaper said list was published and the date and length of publication, a simple statement showing the newspaper in which the list was published and the other required facts, signed by the clerk, is sufficient, though not dated; it being presumed that it was entered of record before the day of sale. (Page 35.)

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; reversed.

On June 9, 1902, lot No. 1 in block No. 2 of Finn's addition to the town of Dermott was sold by the collector of Chicot County for the nonpayment of taxes assessed against same for the year 1901, and was struck off to the State for want of bidders. After the expiration of time for redemption the clerk certified the lot to the State, where it remained till the 28th day of June, 1904, when it was purchased by the appellant, A. F. Cook, who received a commissioner's deed in regular form for it.

On the 9th of September the appellant brought suit in the circuit court of Chicot County for the possession of the lot against the "Ziff Colored Masonic Lodge No. 119." The complaint is in regular form in ejectment, setting out and making exhibit of appellant's title from Commissioner of State Lands.

On October 5, 1904, the defendant filed an answer, cross-complaint and motion to transfer to chancery. The answer simply denies in general terms "that plaintiff, A. F. Cook, is the owner of, and entitled to the possession of, the land and lot set out in said complaint." Then by way of cross-complaint it stated that the State of Arkansas, appellant's grantor, "had title based upon an irregular tax forfeiture of said lot upon a pretended void tax sale for the nonpayment of taxes for the year 1901," and "the said deed conveyed no title to plaintiff for reason that the State of Arkansas had none; that said tax forfeiture was void and of no effect for the following reasons, viz.: (1) That the said land was not returned delinquent by the sheriff at the time and in the manner prescribed by law. (2) That the collector and the clerk charged more costs than the law allowed upon his making sale of said land. (3) That the list of delinquent lands as returned by the sheriff had not been published for two weeks, as required by law. (4) That said clerk of the county court, after making a list of said land returned delinquent for year 1901, by the sheriff, and after entering upon the record following said lists a notice of said sale intended for publication, wholly failed to make any certificate, as required by law, at the foot of said record, stating in what newspaper said list was published, etc. (5) That said clerk wholly failed and neglected to make and enter upon the said record required to be kept for entering the list of delinquent lands any certificate or

to file any certificate and attach to said record at the foot thereof, or at any other place, stating that said list of lands and notice of said sale had been published in any newspaper, etc.   (6)   That the only certificate said county clerk ever made of publication of said list and notice was made and attached to record on which he kept sale of delinquent lands.   (7)   That there was more and a greater sum charged against said land than was due thereon, and that said lot was sold for more taxes than was allowed by law."

Defendant claimed that the title of plaintiff was void and a cloud, and moved to transfer to chancery to have it canceled.

A demurrer was interposed to answer and cross-complaint and to the motion to transfer to chancery on the ground that the answer did not state a defense, or state facts sufficient to entitle defendant to transfer.   The demurrer was overruled, and the cause transferred to chancery court; and on the 17th day of November, 1904, the cause was heard "upon the complaint and exhibit, the answer and cross-complaint of the defendant, the record of the delinquent list of the year 1901, notice of sale and certificate thereto attached," and the chancery court decreed the sale to the State void, and canceled plaintiff's title.   At the same time, and on the same issues, three other cases, viz.:   A. F. Cook v. Isabella Williams; A. F. Cook v. Pauline Hunter, and A. F. Cook v. Eliza Slay, for other lots were submitted to abide decree in this.   Plaintiff has appealed in all four of the cases, and, by agreement of counsel in the other three, an order was made in this court for them to abide the decision here in this, the issues being the same.

*Baldy Vinson,* for appellant.

1.   The demurrer to the answer and cross-complaint, and to the motion to transfer to equity, should have been sustained.   The complaint set up a *prima facie* title in plaintiff, while the defendant in its answer relies on no title of its own.   Mere possession is not sufficient.   86 S. W. 1008; 89 S. W. 844; 55 Ark. 213; 1 Ark. 472; 65 Ark. 601, dissenting opinion; 73 Ark. 557; 71 Ark. 390.   No person is permitted to question the title acquired by a deed of the clerk without first showing that he or the person under whom he claims had title at time of sale.   Kirby's Digest, § 7105.   See also Kirby's Digest, § § 7106, 7114, 4807.   The

80—3

commissioner's deed was *prima facie* evidence of title. Under it plaintiff was relieved from making any proof until evidence was introduced to show that the deed conveyed no title. 49 Ark. 266; 69 Ark. 844.

2. The certificate of the clerk, though informal, is amply sufficient to show that the list was actually published for the time and in the manner required by law. Kirby's Digest, § § 7086, 7114. And, though the certificate is not dated, it will be presumed that it was made before the day of sale. 50 Ark. 390; 49 Ark. 266; 72 Ark. 371.

*Scipio A. Jones* and *P. C. Dooley,* for appellee.

The clerk's certificate is insufficient in form and substance, in that it fails to show that it was published in a paper published in the county or the length of time the notice was published before the day of sale. It also fails to show that it was entered before the day of sale, and this should affirmatively appear from the record itself. Kirby's Digest, § 7086; 55 Ark. 218. In the absence of this proof from the record, the sale is void. 68 Ark. 248; 61 Ark. 36; 65 Ark. 595. The record proof of giving the notice of sale must be perfect in itself, and perfected and recorded before the day of sale. It can not be aided by testimony *dehors* the record. 74 Ark. 583. See also 55 Ark. 30; *Ib.* 220; 140 U. S. 634.

WOOD, J., (after stating the facts.) (1) The court did not err in overruling the demurrer to the answer. The appellee being in possession, the presumption is he was the owner or a tenant of the owner. It will not be presumed that his possession was wrongful. Possession is evidence of title, at least to the extent of requiring one who would oust it to show title in himself. The requirement of the law is not met simply by showing *prima facie* title. The old rule in ejectment that the plaintiff must rely upon the strength of his own title applies here. The burden is upon the plaintiff to show title, not merely *prima facie* title.

The answer presents a good defense to the action of ejectment. The authorities cited by appellant do not apply, for in resisting the assault made upon its possession appellee is not attacking the *prima facie* title of appellant. The case is different, however, when appellee by cross-complaint asks the cancellation

of appellant's *prima, facie* title. This is an affirmative attack upon appellant's *prima facie* title. The commissioner's deed is *prima facie* evidence of title, and, in order to have it canceled and removed as a cloud, the burden is upon the appellee to show that the deed conveyed no title. *Scott* v. *Mills,* 49 Ark. 266. The argument and authorities of appellant to show that appellee's answer does not state a good defense to the action of ejectment are in point to show that appellee is not entitled to relief on his cross-complaint, and that the court erred in not sustaining the demurrer as to this, and in transferring the case to the chancery court. Possession is not title, and possession alone, without any other evidence of title, is not sufficient to enable one to maintain a suit to remove a cloud and quiet title. By mere possession one does not show that he has any title to quiet. One must have a title before he can maintain suit to have his title quieted by canceling a deed that is a cloud upon his title.

2. The chancellor found "that the record fails to show that R. D. Chotard, the clerk, made a proper certificate and attached it at the foot of the delinquent list filed by the sheriff, showing that said list had been published as required by law, or that said certificate was made and attached thereto before the day of sale."

The law requires the clerk of the county court to record the delinquent list filed with him by the collector in a book kept by him for that purpose, and that he shall certify at the foot of said record, stating in what newspaper said list was published, and the date of publication and for what length of time the same was published before the second Monday in June then next ensuing. The statute provides that this "record so certified shall be evidence of the facts ·in said list and certificate contained." Sec. 7086, Kirby's Digest. This court has often held that this certificate must be recorded before the day of sale, and that the record, when so made up, is the only evidence of what it should contain. *Hunt* v. *Gardner,* 74 Ark. 583; *Logan* v. *Eastern Land Co.,* 68 Ark. 248; *Taylor* v. *State,* 65 Ark. 595; *Cooper* v. *Freeman Lumber Co.,* 61 Ark. 36; *Martin* v. *Allard,* 55 Ark. 218. See also *Martin* v. *Barbour,* 140 U. S. 634. What purports to be the certificate of the clerk, made in compliance with the statute, is as follows: "Given to the Chicot Life on the 17th day of May for

publication. R. D. Chotard, Clerk. Published in Chicot County Life for two issues, towit: 21st day of May and 28th day of May, 1901.

[Seal]                              "R. D. Chotard, Clerk."

A certificate is "a writing giving assurance that a thing has or has not been done, * * * that a fact exists or does not exist. To *certify* is to testify to in writing; to make known or establish as a fact. The word is not essential to a *certificate.*" Anderson's Law Dictionary "Certificate." A majority of the court is of the opinion that the statement *supra,* recorded at the foot of the delinquent list and signed by the clerk, meets the requirements of the law. Secs. 7085 and 7086 of Kirby's Digest. It was given in the *"Chicot Life"* on the 17th day of May, and was "published" in the *"Chicot Life"* for two issues towit: 21st day of May, and 28th day of May, 1901. The *"Chicot Life"* indicates the name of the newspaper, and "Chicot" shows with reasonable certainty that it was a county publication. The word "published" shows that it was printed, and the "two issues" "May 21 and May 28, 1901," indicates that it was a "weekly newspaper," and published weekly for two weeks showing the *length of time* it was published before the second Monday in June. Thus every requirement of the statute is met and shown by the certificate. True, the certificate is not dated, showing that it was entered of record before the day of sale. But, in the absence of a date, and in the absence of proof to the contrary, it follows that it was entered of record before and not after the day of the sale, for the law requires it to be so entered, and the presumption is that the clerk did his duty. This is not a case of substituting other proof for that required by the record, and different proof. It is a case where, in the absence of any proof, the law by a well-established presumption supplies it.

(NOTE. The writer does not concur in the view that the certificate can be aided by the presumption as to date, and thinks it fatally defective because it does not bear date showing that it was entered of record before the day of sale.)

The court erred therefore in finding that the clerk did not make a proper certificate.

For the errors indicated the decree is reversed, and the cause is remanded with directions to transfer to the law court,

and with leave to amend pleadings if so desired, and for further proceedings not inconsistent with this opinion.