KENNEDY *v.* BURNS.

Opinion delivered November 3, 1919.

1. TAX DEED—INDEFINITE DESCRIPTION—COLOR OF TITLE.—Where the description in a tax deed is too indefinite to identify the property, the deed does not constitute color of title to support a plea under the two years statute of limitations.

2. LIMITATIONS—RIGHT OF HEIRS ACCRUES, WHEN—DOWER.—The right of the heirs does not accrue until after the death of the widow to whom the land was assigned as dower, and limitations does not begin to run against them until their right accrues.

3. CONFIRMATION OF TITLE—PRIMA FACIE TITLE.—Kirby's Digest, sections 656 *et seq.*, only authorize a decree of confirmation on *prima facie* title where the proceedings are not controverted.

Appeal from Hempstead Chancery Court; *James D. Shaver*, Chancellor; reversed.

*Jas. H. McCollum*, for appellants.

1. The tax deed did not carry the title; the description is too indefinite. 50 Ark. 484; 56 *Id.* 172; 99 *Id.* 460; 69 *Id.* 357.

2. Appellants are not barred. 126 Ark. 1. The doctrine of *laches* does not apply. The transfer to chancery was done without objection and deprived appellants of no rights. 26 Ark. 59; 51 *Id.* 259; 60 Ark. 70.

3. Appellee is not entitled to recover for improvements, as neither Dougherty nor Burns was a *bona fide* occupant. It was the duty of the life tenant to pay the taxes. 33 Ark. 267; 42 *Id.* 215; 44 *Id.* 504; 98 *Id.* 320; 133 *Id.* 441.

The confirmation statute of 1899 does not apply here.

*Graves & McFadden*, for appellee.

Defendant has been in possession and paid taxes under color of title for more than 20 years, and appellants are barred by limitation and *laches.* Kirby's Digest, § § 656 etc., 649-660-657; 83 Ark. 154.

McCULLOCH, C. J. Appellants instituted this action against appellee in the circuit court of Hempstead County to recover possession of a tract of land containing 106 acres in that county, title to which is asserted by inheritance from their ancestor, W. H. Kennedy, who died on September 7, 1857, the owner of that tract and other lands in Hempstead County. W. H. Kennedy left surviving his widow, Martha E., to whom the tract of land in controversy was duly assigned as her dower. The widow subsequently removed to the State of Georgia

and intermarried with one Rickerson, and died on November 22, 1914, and this action was instituted March 31, 1917. In the year 1874 Martha E. Rickerson sold and conveyed her assigned dower interest to one Huckabee. The land was returned delinquent for nonpayment of taxes for the year 1879, and pursuant to the act of March 14, 1879 (Acts of 1879, page 69), providing in substance that lands returned delinquent and remaining unredeemed by the owner for a period of one year should, by the county clerk, be conveyed to any other person who pays the taxes, penalty and cost, the clerk of Hempstead County on June 6, 1882, conveyed this tract to J. D. Jones and W. A. Jett, who subsequently sold and conveyed it to T. J. Daugherty, who in turn sold and conveyed it to appellee W. H. Burns. In the clerk's tax deed to Jones and Jett the land is described as "part of the southeast quarter of section eight (8), township 14 south, in range twenty-four (24) west, containing 106.75 acres, more or less." Daugherty took actual possession of the land under his purchase from Jones and Jett and occupied it until the conveyance to appellee, and the latter actually occupied the land continuously up to the commencement of this action, paying taxes thereon and making valuable improvements.

Appellee pleaded the two-year statute of limitations (Kirby's Digest, § 5061), as an occupant of the land under the tax deed to Jones and Jett, and also pleaded the general statute of limitation of seven years. Appellee also pleaded the payment of taxes and the making of valuable improvements on the land and claimed reimbursement therefor under the betterment statute. After the answer of appellee was filed, appellants filed a motion for transfer to the chancery court for the purpose of having an accounting between them and appellee of rents and profits of the land and the amount of taxes paid by appellee and Daugherty and the value of the improvements. The cause was transferred to the chancery court without objection and proceeded to a final hearing, which resulted in a decree dismissing the complaint of appellants for want of equity.

(1-2)    The right of action of appellants was not barred by adverse possession, under either of the statutes pleaded.   The description of the land in the tax deed was too indefinite to identify it, and the deed for that reason does not constitute color of title in support of the plea under the two-year statute of limitations. *Hershey* v. *Thompson,* 50 Ark. 484; *Schattler* v. *Cassinelli,* 56 Ark. 172; *Dickerson* v. *Arkansas City Improvement Co.,* 77 Ark. 570; *Woodall* v. *Edwards,* 83 Ark. 334; *Halliburton* v. *Brinkley,* 135 Ark. 592.   Appellants' right of action did not accrue until the expiration, upon the death of the widow, of the life estate under the assignment of dower, and the statute of limitations did not begin to run against them until the right of action accrued. *Hayden* v. *Hill,* 128 Ark. 342.   This action was instituted within seven years after the expiration of the estate of the life tenant and it is not barred by the statute of limitations.

(3)    Counsel for appellee defend the decree on the ground that the occupancy of the land by appellee and Daugherty, and the payment of taxes, constituted a *prima facie* right and title to the land which was sufficient to authorize the confirmation of his title by a chancery court under the statute providing for confirmation of titles (Kirby's Digest, § 656, *et seq.*), and that the chancery court could have confirmed his title notwithstanding there was no bar of the statute of limitations against appellants by reason of the fact that the right of action did not accrue until the death of the life tenant.   In other words, the contention is that under the statute authorizing confirmation there may be a decree against remaindermen where *prima facie* title is proved by occupancy and payment of taxes for the statutory period of limitations.   Such is not the effect of the statute, which only authorizes a decree of confirmation on *prima facie* title where the proceedings are not controverted.

We are of the opinion, therefore, that the chancery court erred in dismissing the complaint of appellants for want of equity.   Under the undisputed evidence in the case, the decree should have been in favor of appellants for recovery of possession of the land.

The chancellor did not make any findings on the question of the right of appellee to reimbursement for taxes paid and for the value of improvements, hence we do not pass on any of those questions now.

The decree is reversed and the cause remanded with directions to enter a decree in favor of appellants for recovery of the land in controversy, and to proceed to a determination of the rights of the parties concerning the recovery of rents and profits by appellants, and the recovery by appellee for reimbursement for taxes and improvements.