### BINGHAM *v.* POWELL.

#### Opinion delivered March 13, 1922.

TAXATION—RECORD OF LIST OF DELINQUENT LANDS.—A tax sale of delinquent lands is void where the list of delinquent lands and the notice of sale were recorded by the clerk on the day of sale but before the hour of sale.

Appeal from Fulton Chancery Court, *Lyman F. Reeder,* Chancellor; affirmed.

*Oscar E. Ellis* and *H. A. Northcutt,* for appellant.

The recording of the certificate required to be made by the clerk, *upon the day of sale,* where it was proved that this was done *before the hour of sale,* is a sufficient compliance with the statute. The precise question has not been decided, and in cases before this court involving a similar question there was a showing either that the certificate was not recorded until after the day of sale, that the certificate bore no date, or that no showing was made that the record was made before the hour of sale.

*P. C. Goodwin,* for appellee.

The statute requires the certificate to be recorded *before* the day of sale, and it is not sufficient if the record be made *on* the day of sale, as the law takes no heed of parts of days. 74 Ark. 583. Other cases bearing on the subject and sustaining this contention are 141 Ark. 632; 68 Ark. 248; 55 Ark. 218; 80 Ark. 583; 84 Ark. 316; 87 Ark. 360; 74 Ark. 583.

SMITH, J. This appeal questions the validity of a tax sale, which is attacked upon the ground that notice of sale was not recorded prior to the day of sale, as required by section 10085, C. & M. Digest. The county clerk who made the certificate (which bears date the day of sale) testified that the list of delinquent lands and the notice of sale were recorded on the day of sale, but before the hour of sale, and the insistence is that this substantially complies with the statute. The court below held otherwise. Was that holding correct?

In the case of *Hunt* v. *Gardner,* 74 Ark. 583, it was said:

"This court has held that a failure by the clerk to record the list and certify the publication until after the day of sale rendered the sale void. *Logan* v. *Eastern Ark. Land Co.,* 68 Ark. 248. In that case, the certificate having been made after the day of sale, it was unnecessary to decide whether or not the making of the certificate on the day of sale would be a compliance with the statute; but in the opinion a strong intimation is given that it would not be, and that the certificate must be made before the day of sale. The reasoning of the court leads to that conclusion.

"There was no proof here to show whether the certificate was made before or after the hour of sale, and we need not indulge in presumption to determine at what hour it was made, as the law in such instance will take no heed of parts of days. If the certificate could be legally made on the day of sale, it could be made any time during the day. Treating it as settled by former decisions that the certificate cannot be made after the day of sale, it necessarily follows, from the language of the statute, that it must be made *before* the day of sale, and cannot be made *on* the day of sale. It was the manifest intention of the lawmakers to perpetuate, by this record, evidence of the notice of sale, its contents and time and manner of publication, and to make the record the sole evidence thereof. Looking at the statute, as we must,

to discover when the record must be made, it is clear that it was intended to require the same to be made and certified before the day of sale."

See also *Cook v. Ziff Colored Masonic Lodge,* 80 Ark. 31; *Martin v. Allard,* 55 Ark. 218; *Magness v. Harris,* 80 Ark. 583; *Townsend v. Penrose,* 84 Ark. 316; *Frank Kendall Lbr. Co. v. Smith,* 87 Ark. 360; *Logan v. Land Co.,* 68 Ark. 248; *Laughlin v. Fisher,* 141 Ark. 632; *Cooper v. Lumber Co.,* 61 Ark. 36; *Birch v. Walworth,* 79 Ark. 580; *Earle Imp. Co. v. Chatfield,* 81 Ark. 296; *Earl v. Harris,* 121 Ark. 621.

The case of *Hunt v. Gardner, supra,* was cited and followed in the case of *Laughlin v. Fisher, supra,* with this comment: "There, as here, the record showed that the certificate was made on the day of the sale, and there was no proof to show whether the certificate was made before or after the hour of sale. Other decisions to the effect that the certified record must be made before the day of sale are the following" (citing cases):

It is insisted that this comment indicates the view that, if it had been shown that the certificate was made before the hour of sale, this would have been sufficient, although it was made on the day of sale. We think the language quoted is not susceptible to that construction; but that it means that the record must not only be made before the hour of sale, but also before the day of sale. The other cases there cited had announced the requirement that the record must be made before the day of sale and was cited as supporting *Hunt v. Gardner;* but it was the case of *Hunt v. Gardner* which was being expressly followed, and in that case it had been said that "if the certificate could be legally made on the day of sale, it could be made any time during the day. Treating it as settled by former decisions that the certificate cannot be made after the day of sale, it necessarily follows, from the language of the statute, that it must be made *before* the day of sale, and cannot be made *on* the day of sale."

We think the necessary effect of the cases cited is to require the making of the record not only before the hour of sale, but before the day of sale; and the court below was correct in so holding.

Decree affirmed.