HATCH *v.* LOWRANCE.

Opinion delivered November 5, 1928.

*R. G. Davies,* for appellant.

*C. T. Cotham* and *Geo. P. Whittington,* for appellee.

McHANEY, J. Appellant purchased from appellee Lowrance, lot 6, block 24, of South Hot Springs Addition to the city of Hot Springs, for a consideration of $3,000, on January 4, 1927. Appellee Price held a deed of trust against said property, executed by Lowrance, on which there was a balance due of $1,564.58. The deed of trust provided that, when the indebtedness secured by it was

paid, the property should be released from the deed of trust by the mortgagee or grantee, at the expense of the grantor. The Arkansas National Bank was the trustee in the deed of trust, and appellant, at Price's direction, paid the Arkansas National Bank the balance due on account of the mortgage, and at the same time paid Lowrance the difference between the purchase price and the amount due on the mortgage, receiving from Lowrance a warranty deed to the property. Price, being a non-resident, executed a release deed, reciting the payment of the balance due, and releasing the lien of the deed of trust in satisfaction of said indebtedness, forwarded it to the Arkansas National Bank, who, in turn, delivered it to Lowrance to be placed of record. Lowrance took it to appellant, who refused to receive it and have same recorded at an expense of $1.50, for the reason that, as he contends, it was the duty of Lowrance to have the instrument recorded and satisfy the record, which Lowrance refused to do.

Appellant also demanded that appellee Lowrance pay the amount of taxes due for 1926 on the property, in the sum of $18.35, which Lowrance refused to pay, and appellant was compelled to pay same to protect his property from sale. He thereafter brought this action, which we will treat as the chancellor apparently did, as a suit to remove a cloud on title. A decree was entered canceling the mortgage of record, and rendering judgment in favor of appellant against Lowrance, the sum of $1.50, and dismissing the complaint as to appellee Price, at the cost of appellant.

The court was correct in dismissing the action as to Price. The undisputed proof shows that, upon payment of the balance due on his note and deed of trust, he immediately executed a release deed and caused the same to be delivered to Lowrance, whose clear duty it was to put same of record, under his agreement to pay the expense of satisfying the record contained in the deed of trust. It was not appellant's legal duty to record the release deed, nor to pay the $1.50, but it was his

duty to minimize any damages he might sustain by reason of §§ 7395 and 7396, C. & M. Digest. The real basis of his action in the chancery court was to recover the statutory penalty provided by § 7396, as he claimed in his complaint a large amount of damage. By paying the recording fee and having the release deed recorded, he would have eliminated any damages that he might have sustained by reason of the refusal of Lowrance to record the instrument. He would then have had a cause of action against Lowrance to recover $1.50, the amount of the recording fee.

The court sustained a demurrer to that part of appellant's complaint claiming damages for neglect to satisfy the record, and there was therefore no error in this regard. The undisputed evidence shows that the sale of this land was made and executed after the first Monday of January, 1927, and that there was no agreement between appellant and appellee, Lowrance, regarding the payment of the taxes for the year 1926. Under § 10023, C. & M. Digest, as between grantor and grantee, the lien for taxes attached on the first Monday in January, 1927, which was January 3. The sale not having taken place until the next day, January 4, there was a valid lien subsisting on said property for the taxes for the year 1926, and, under Lowrance's warranty deed, he was liable to appellant for the taxes in the sum of $18.35. The court correctly canceled the lien of the deed of trust as a cloud on appellant's title, and there will therefore be no necessity of recording Price's release deed.

The decree will therefore be modified by giving appellant a judgment here for $18.35, with interest at 6 per cent. from April 10, 1927, the last day for payment of taxes, and the judgment for $1.50 in appellant's favor will be set aside. In all other respects the decree is affirmed.