DRIVER *v.* DRIVER.

5-267                                   263 S. W. 2d 914

Opinion delivered January 25, 1954.

*Green & Green* and *Oscar E. Ellis,* for appellant.

*E. H. LaMore* and *Herrn Northcutt,* for appellee.

WARD, J. R. D. Driver, appellant, filed a complaint in the Fulton Chancery Court against W. D. Driver, appellee, to confirm his title in certain lands. The complaint states: That appellant, by oral contract, purchased the lands from the appellee; That at or about the time the contract was made he was placed in possession by

appellee and that he paid the full purchase price of $2,500, and; That he has been in possession approximately 2 years during which time he has paid the taxes and made improvements amounting to approximately $2,500. The prayer of the complaint was that the court vest title in appellant and confirm his title in the lands as against the appellee.

At the time the complaint was filed appellee resided in Howell County, Missouri, where he was served by the sheriff of that county with a summons to which was attached a copy of the complaint, all under the provisions of Ark. Stats., § 27-339. A Warning Order appears in the record but there is no showing that it was ever published.

The record as originally filed in this court on August 17, 1953, shows: That appellee appeared specially on August 7, 1952, and filed a motion to quash service on the ground that the complaint stated a cause of action *in personam* and that therefore the alleged service was insufficient; That, on April 14, 1953, the court overruled the said motion stating that the suit was for confirmation of title and that the service was good for that kind of a suit, and; That appellee appeared specially on April 14, 1953, and filed a demurrer to the complaint on the ground that it did not contain facts sufficient to state a cause of action.

Attached to the original record is a stipulation signed by the attorneys for both sides, as of date August 25, 1953, amending the record to show the following motion and orders: 1. A "warning order" which is the same as the one shown in the original record, but not shown to have been published; 2. A "motion to quash service" which is, for the purpose of this opinion, the same as the one shown in the original record except that it contains no date and no date of filing is shown, and; 3. An "order" dated April 8, 1952, which quashed service of the warning order and shows appellant's exceptions, but there is nothing to show what date the order was filed or that it was ever filed.

The final order of the trial court was made and filed on July 30, 1953, which, omitting the immaterial parts, reads as follows:

". . . it appearing to the court that on April 14, 1953, this court, by order then made and entered of record, held that the service obtained by plaintiff against and upon the defendant was only good for confirmation of title and the same day the defendant filed a demurrer to the complaint which was by the court sustained. . . .

"The only question adjudicated by the court in the order of April 14, 1953, in sustaining said demurrer, is that the complaint does not state a cause of action for confirmation of title.

"The said order gave the plaintiff to this date to amend and now comes the plaintiff and elects to stand upon his complaint as being sufficient for confirmation of title and decides not to plead further on that issue.

"Whereupon the court dismisses said complaint as to its sufficiency to state a cause of action for confirmation of title."

In view of the state of the record shown above it clearly appears that appellant chose to stand on his complaint as stating a cause of action for confirmation of title, and so we will consider the demurrer to the complaint from that standpoint. Such being the case, the trial court properly sustained the demurrer.

A suit to quiet or confirm title independent of the statute, as in this case, can only be maintained when the petitioner holds a legal title. In the case of *Weaver v. Gilbert,* 214 Ark. 800, 218 S. W. 2d 353, at page 805 of the Arkansas Reports, the court expresses this rule in the following language:

"It is also the rule that equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title, the remedy at law being otherwise adequate."

Ark. Stats., § 34-1907 permits a petitioner to maintain a suit to quiet or confirm title even though he can-

not show "a perfect claim of title" to any particular tract or tracts of land though it shall be held to constitute a *prima facie* title, but he can do so only on condition that he can show color of title and payment of taxes for a period of more than 7 years. In this case color of title and payment of taxes for 7 years was not alleged, and appellant declined to amend.

In affirming the action of the trial court it is pointed out that we do so without prejudice to any rights appellant may have to bring a transitory action for specific performance of his contract with appellee, or any other action he may have a right to bring not inconsistent with this opinion.