S. Norris BROADHEAD and Paul E. BROADHEAD
*v.* Jimmy McENTIRE, et al.

CA 85-476                                720 S.W.2d 313

Court of Appeals of Arkansas
Division II
Opinion delivered November 26, 1986

*Robert P. Crockett*, for appellant.

*Stripling & Morgan*, by: *M. Edward Morgan*, for appellee Jimmy McEntire.

*L. Gray Dellinger*, for appellees Robbie Sullins, Albert Herrington, and Bonnie Herrington.

GEORGE K. CRACRAFT, Chief Judge. S. Norris Broadhead and Paul E. Broadhead appeal from an order of the chancery court quieting title to a tract of land in Jimmy McEntire and granting a judgment against appellants in favor of Robbie Sullins for monies paid to the appellants under a contract for sale of the same tract of land. The appellants advance nineteen points for reversal, but they are so intertwined that it is not necessary that we address them separately.

On April 1, 1975, appellants entered into a written contract to sell forty acres of land to Peggy Washburn for $3,000.00, of which $600.00 was paid down and the balance to be paid in five annual installments of principal and interest. Robbie Sullins alleged that in 1976 she purchased Washburn's interest in the contract and informed an agent of the appellants of the transaction. Sullins made, and appellants accepted, the first four payments when due. The fifth payment was tendered in 1980 but refused by appellants. Meanwhile, the property was sold in November of 1976 for non-payment of the 1975 taxes. Appellee McEntire purchased the property at the tax sale in November of 1976 and was issued a clerk's tax deed on December 8, 1978.

In May of 1983, appellee Sullins filed her complaint for

specific performance of the Washburn contract alleging an oral assignment of the contract from Washburn. The appellants filed an answer denying the existence of the contract, and pleading the statute of limitations, estoppel, laches, and the statute of frauds. On September 5, 1984, the appellee McEntire, claiming under his tax deed, filed a petition to quiet title to the property as against the appellants and Sullins. The appellants and Sullins filed answers alleging the tax sale and deed were void for noncompliance with the statutes relating to tax sales. Both cases were consolidated for trial.

The matter was submitted to the court on stipulation of facts and evidence as to the manner in which the tax sale under which McEntire claimed had been held. It was stipulated that the appellants had entered into the contract of sale with Washburn for the sale of the property, that Sullins made all of the payments due by Washburn under the contract, and that all except the final payment were accepted by the appellants. It was further stipulated that Sullins reimbursed Washburn for the $600.00 down payment made to the appellants and that Sullins made the payments to an agent of the appellants "who had notice that Sullins was claiming to be an assignee of the Washburn contract." The stipulation contained evidence of the manner in which the tax sale in issue had been held. It was also stipulated that McEntire had paid taxes on the tract for more than seven years.

The chancellor held that, pursuant to Ark. Stat. Ann. § 34-1907 (Repl. 1962), McEntire's tax payments under color of title constituted prima facie evidence of title and, since the appellants and Sullins offered no proof to the contrary and based their entire defense on the failure of the sheriff and clerk to maintain appropriate records and properly conduct the tax sale, the McEntire title should be confirmed. He further found that appellee Sullins based her claim of the lands on an oral assignment of the contract from Peggy Washburn and that the appellants had accepted the monies. The chancellor ruled, however, that Ark. Stat. Ann. § 38-101 (Repl. 1962) requires that an action to charge a person with the sale of lands be in writing and, "inasmuch as Washburn was not made a party to the action, and no proof of the agreement was proffered after the same was denied by the petition," denied Sullins' prayer for specific performance. The chancellor found further that, since

appellants had failed in their obligation to protect the title and at the same time accepted Sullins' payment with knowledge that some sort of agreement existed between Washburn and Sullins, they should not be permitted in equity to retain the monies as it would result in unjust enrichment. It was ordered that Sullins recover the funds paid to appellants. Appellants filed a timely notice of appeal. The appellee Sullins has not filed a cross-appeal as required by Rule 4(a) of the Rules of Appellate Procedure.

We agree that the chancellor's order that appellee McEntire's title be confirmed was erroneous. Defects in the tax sale under which McEntire claimed were alleged in the pleadings and evidence was presented in support of those allegations. The chancellor did not rule on the effect of any of the alleged defects, but concluded that title should be confirmed pursuant to Ark. Stat. Ann. § 34-1907 (Repl. 1962). That section provides that, in an action to confirm title, where one cannot show a perfect title, he may establish a prima facie title by showing that he and those under whom he claims had color of title to the lands for more than seven years and during that time he, and those under whom he claims, had continuously paid taxes on the property. The property in issue was forfeited for nonpayment of 1975 taxes and the tax sale was not held until November of 1976. At that time, it was struck off by the clerk and sold to appellee. Our statutes provide a two-year period of redemption from such sales and therefore the clerk's deed in this case was not executed and delivered to McEntire until December 8, 1978. A certificate of purchase issued at a tax sale, however, is not color of title. *Driver* v. *Driver*, 223 Ark. 15, 263 S.W.2d 914 (1954); *Townsend* v. *Penrose*, 84 Ark. 316, 105 S.W. 588 (1907); *Logan* v. *Eastern Arkansas Land Co.*, 68 Ark. 248, 57 S.W. 798 (1900). Since this action was commenced on September 5, 1984, a date less than seven years after appellee acquired his color of title and before he completed seven tax payments under it, appellee McEntire was not entitled to the benefit of § 34-1907.

For the same reason we find no merit in the argument that title had vested in McEntire under Ark. Stat. Ann. § 37-102 (Repl. 1962) which, when coupled with Ark. Stat. Ann. § 37-101 (Repl. 1962), works to invest title in one who has paid taxes on wild and unenclosed lands for a period in excess of seven years. Appellee McEntire also argues that he is entitled to have his title

confirmed by actual physical possession of the property for more than seven years. This argument must fail for two reasons. First, there was evidence that he had only been on the property four or five times during the seven-year period and his other acts of possession were merely fitful. Secondly, it was stipulated by the parties that the property was wild and unimproved and not occupied by anyone.

We also conclude that to quiet title in appellee McEntire was error for yet another reason. Ark. Stat. Ann. § 34-1907 (Repl. 1962) authorizes a deed of confirmation on prima facie evidence of title only where the proceedings are not controverted. *Kennedy* v. *Burns*, 140 Ark. 367, 215 S.W. 618 (1919). Here, the issues surrounding the validity of the tax proceedings were clearly controverted in the pleadings. The trial court should have determined those issues.

On *de novo* review of chancery cases, where we find the chancellor's finding to be clearly erroneous but the record is fully developed so that we can see where the equities lie, we correct the record here by entering the decree that should have been entered rather than remanding for a new trial or further proceedings. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). At the trial, appellants and appellee Sullins advanced evidence in support of a number of deficiencies in the tax sale. We find sufficient merit in one of these to dispose of the issue and therefore do not address them all.

Ark. Stat. Ann. § 84-1102 (Repl. 1980) requires that the list of delinquent lands be recorded and have attached to it a certificate of the clerk stating in what newspapers the notice of delinquent lands was published and the date of publication. It has been held that this section requires the certificate of the clerk to be made *prior* to the sale and, where made on the date of the sale, the sale is void. *Standard Securities Co.* v. *Republic Mining & Manufacturing Co.*, 207 Ark. 335, 180 S.W.2d 575 (1944); *Bingham* v. *Powell*, 152 Ark. 484, 238 S.W. 597 (1922). A joint exhibit entered by stipulation shows that, although the clerk did attach the required certificate to the record, he did so on the date the sale was held.

In *Boyd* v. *Meador*, 10 Ark. App. 5, 660 S.W.2d 943 (1983), we reaffirmed previous holdings that a failure of the clerk

to attach his certificate to the delinquent list prior to the sale voids the sale. We further held that such a deficiency is fatal to the validity of the tax sale and that the defect is not cured by the two-year statute of limitations contained in Ark. Stat. Ann. § 84-1118 (Repl. 1980). As the failure of the clerk to comply with the provisions of § 84-1102 was fatal to the validity of the tax sale under which the appellee McEntire claims, the chancellor erred in quieting title in him. The decree must be reversed to that extent.

Appellants further contend that the trial court erred in entering judgment in favor of the appellee Sullins for the money paid under the alleged assignment of the contract. Appellants first argue that the chancellor erred in holding that they had an obligation to pay the taxes on the property. The contract between appellants and Washburn provided that the buyer was to receive no legal or equitable right under the contract until the purchase price had been paid in full, at which time the seller obligated himself to execute a special warranty deed conveying the lands free of all liens and encumbrances. Ark. Stat. Ann. § 84-107 (Repl. 1980) provides that the taxes assessed on real property shall be a preferential lien and bind the lands from the first Monday in January of the year in which the assessment was made and continue until the taxes have been paid, provided that, as between a grantor and grantee, the lien shall not attach until the last date fixed by law for the county clerk to deliver the tax book to the collector in each year after the tax lien attaches. Ark. Stat. Ann. § 84-807 (Repl. 1980) provides that the tax books shall be delivered to the collector on or before the third Monday in February of each year. The contract was entered into in April of 1976, some six weeks after the tax books had been delivered to the collector. Under these circumstances it has been held that the seller is liable for the payment of taxes under the warranty. *Hatch* v. *Lowrance*, 178 Ark. 274, 10 S.W.2d 358 (1928).

Appellants do not deny entering into the contract with Washburn, that the monies were paid to his agent, or that he had knowledge that Sullins was claiming to be an assignee of Washburn's contract. There was introduced into the record four checks totalling the sum of $3,028.00 drawn on Sullins' account, payable to the Broadheads and bearing their endorsement. There is nothing in the record to indicate that they did not receive the

money and retain it. Each check bore a memorandum that it was in payment of the Washburn contract. The record contains no indication that the appellants had in any way renounced their contract or failed to recognize the payments by the assignee until 1980, when Sullins tendered the fifth and final payment. Under these circumstances we agree that the chancellor was correct in applying the doctrine of unjust enrichment, which is based upon the principle that one return money or its equivalent received by him under such circumstances that, in equity and good conscience, he ought not retain it. *Frigillana* v. *Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979); *Fite* v. *Fite*, 233 Ark. 469, 345 S.W.2d 362 (1961). In entering his decree, however, the chancellor did not award prejudgment interest on this sum and on remand the decree should be modified to so provide.

▮ Appellants finally contend that the chancellor erred in not holding that Sullins' claim for restitution was barred by the three-year statute of limitations requiring actions on contracts not under seal and not in writing to be commenced within three years after the cause of action accrues, Ark. Stat. Ann. § 37-206 (Repl. 1962). Sullins argues that the payments were made pursuant to a written agreement which is governed by the five-year statute of limitations provided in Ark. Stat. Ann. § 37-209 (Repl. 1962). We do not address that issue because the record does not establish that the period of limitations had run under either statute.

Appellee Sullins commenced her action for specific performance or, in the alternative, for refund of payments on May 19, 1983. The first repudiation of obligation to Sullins occurred when the appellants refused to accept the payment tendered in 1980. The record reflects that Sullins made her payments on June 16, 1976, April 6, 1977, June 2, 1978, and May 14, 1979. There is nothing in the record to indicate the date on which the fifth and final payment was tendered and rejected. The stipulation reflects only that it was rejected in 1980.

▮ One who relies upon a statute of limitations as a defense to a claim has the burden of proving that the full statutory period had run on the claim before an action was commenced. Without any proof of the date on which the tender was rejected, there was no evidence before the chancellor to sustain a finding

that the full three-year period had run before this action was commenced on May 19, 1983.

Furthermore, if there is any reasonable doubt as to which of two statutes of limitation applies to a particular action or proceeding, and it is necessary to resolve the doubt, it will generally be resolved in favor of the application of the statute containing the longer period of limitations. *Dunlap* v. *McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984); *Jefferson* v. *Nero*, 225 Ark. 302, 280 S.W.2d 884 (1955).

Finally, appellee Sullins argues that the chancellor should have ordered specific performance of her completely performed oral agreement. Since she filed no notice of cross-appeal, we do not address that issue. Rules of Appellate Procedure, Rule 4(a); *Elcare, Inc.* v. *Gocio*, 267 Ark. 605, 593 S.W.2d 159 (1980).

That part of the decree which quiets title to the lands in McEntire is reversed and dismissed. That part of the decree which awards the appellee Sullins judgment against appellants Broadhead is affirmed, but the cause remanded for the entry of a decree awarding Sullins appropriate prejudgment interest.

CORBIN and MAYFIELD, JJ., agree.