Shirley Ann BROWN and Gene R. Brown *v.*
Bruce J. MINOR, et al.

90-332                                          810 S.W.2d 334

Supreme Court of Arkansas
Opinion delivered June 3, 1991
[Rehearing denied July 8, 1991.]

*Herrod's of Arkansas*, by: *E.H. "Buz" Herrod*, for
appellant.

*Homer Tanner*, for appellee.

ROBERT H. DUDLEY, Justice. The Chancellor ruled that this suit was filed without any reasonable basis and, as a result, ordered the plaintiffs to pay the defendants' attorney's fees. The plaintiffs appeal the award of fees to defendant Bruce Minor. We affirm the Chancellor's ruling.

The evidence, when considered in the light most favorable to the defendant, as we must do, is as follows. Plaintiff Shirley Brown wanted to purchase a small tract of land on which to open a flea market. She eventually decided on a one-acre, obtuse triangular-shaped tract of ground on Highway 365, the Old Conway Highway, in Pulaski County. The base of the triangular shaped tract is the quarter-section line; the right side is the highway; and the left side is the Union Pacific line. The highway and the railroad angle together to form the apex of the triangle.

Plaintiff Shirley Brown testified that she talked to many people in the area trying to find the owner of the land so that she could purchase it. She recalled the names of two of the people to whom she talked. One, a man named Lackey, told her he had tried to buy it but could not do so and added, "You might as well just give up." The other, defendant Minor, told her, "he couldn't help me with it." She found that the property had been owned earlier by a Vivian Stephan, but that she was now dead. In addition, she thought that the tax assessor's office had not assessed the tract.

She testified that a previously unknown "little old lady" named Dorsey Stephan telephoned her from Hot Springs and offered to sell her the tract for $1,000.00. She did not know Dorsey Stephan, did not know whether she was related to Vivian Stephan, and did not know whether Dorsey Stephan held any color of title. She did not know the description of the land, did not employ an attorney, did not conduct a title search, did not require an abstract of title, nor did she ask for a title insurance policy. She testified that Dorsey Stephan gave her a warranty deed to the property in exchange for $1,000.00. She personally took the warranty deed which was acknowledged by a local notary public. She stated that she has not seen Dorsey Stephan since that time and could not find her to testify as a witness at trial.

The description contained in the Dorsey Stephan deed does

not close at the apex; takes in part of the highway property on the right side; and includes part of the railroad property on the left side. Plaintiff Brown never had the tract surveyed.

She stated that after purchasing the land she did not get an abstract of title "because they couldn't trace it." She admitted that she did not check the probate records of the estate of Vivian Stephan and, most importantly, admitted that she tried but could not find any evidence that her grantor, Dorsey Stephan, had ever owned any interest in the land.

The deed to plaintiff Shirley Brown was dated January 20, 1989. She and her husband, plaintiff Gene R. Brown, started to fill the land and planted some trees. Shortly thereafter, defendant Minor told them to get off the land. On April 3, 1989, plaintiff Shirley Brown's attorney wrote a letter to the county clerk stating that the tract was not on the tax books and asking that it be assessed in her name. On April 7, 1989, the clerk responded that the land was on the tax books. On April 5, 1989, only seventy-five (75) days from the date of the deed, plaintiffs Shirley Brown and Gene Brown filed a quiet title action against defendant Minor, the Union Pacific Railroad, and the Arkansas State Highway Department. In the suit the plaintiffs claimed the triangular tract as well as a second tract. At trial, plaintiff Gene Brown testified that his right to quiet title was based upon his marriage to plaintiff Shirley Brown.

The plaintiffs obtained an ex parte restraining order which prevented all parties from "harrassing or intimidating" the other parties to this suit.

Defendants Union Pacific and Minor filed answers. Separate defendant Minor additionally pleaded that the plaintiffs claimed title by virtue of the 1989 deed from Dorsey Stephan but they could not possibly claim payment of taxes for seven (7) years, and thus could not possibly prevail.

After hearing the case the trial court dismissed both the action involving this triangular tract as well as the action involving the second tract. The Chancellor also awarded attorney's fees to defendants Union Pacific and Minor. The plaintiffs appeal from the award of attorney's fees to defendant Minor.

Ark. Code Ann. § 16-22-309 (Supp. 1989) authorizes

attorney's fees for a prevailing party when the court finds a complete absence of a justiciable issue. Such a condition exists when "the party or the party's attorney knew, or should have known, that the . . . claim . . . was without any reasonable basis in law or equity. . . ." The issue becomes: Was there any reasonable basis for this quiet title action?

It has long been established that a court of equity has subject-matter jurisdiction to hear either the common law or the statutory action to quiet title. The common law action can be maintained only when the petitioner holds legal title. The statutory action permits the petitioner to maintain such a suit even though he cannot show "a perfect claim of title." However, the petitioner must "show that he, and those under whom he claims, have had color of title to the land for more than seven (7) years and that during that time he, or those under whom he claims, have continuously paid the taxes thereon." Ark. Code Ann. § 18-60-506 (1987); *Driver* v. *Driver*, 223 Ark. 15, 263 S.W.2d 914 (1954). In this appeal, the plaintiffs admit they were attempting to proceed in accordance with the statutory action to quiet title. Ark. Code Ann. §§ 18-60-501 to -511 (1987).

The testimony of the plaintiff Gene Brown that his basis for filing suit was his marriage to plaintiff Shirley Brown is so completely lacking in merit that we need not discuss it. Plaintiff Shirley Brown's position is almost as inane, but at least she held a wild deed. However, there is no way that she or her attorney could have conceivably thought that she had possessed the land for "more than seven (7) years" and "during that time . . . continuously paid the taxes thereon." Even if by some stretch of the imagination plaintiff Shirley Brown or her attorney did not know the suit was filed without a reasonable basis, they knew it after defendant Minor filed his pleading informing them that the statute required possession and payment of taxes for more than seven (7) years. This was much more than a case in which there was only a failure of proof; this was a case where the plaintiffs had no reasonable basis whatsoever to sue these defendants. Plaintiffs may well have a suit against Dorsey Stephan, but she was not sued and that is not the issue. Thus, the trial court ruled correctly in ordering plaintiffs to pay the defendants' attorney's fees.

Both plaintiffs additionally argue that the amount of

the fees awarded to defendant Minor was in error because it exceeded 10% of the amount in controversy. *See* Ark. Code Ann. § 16-22-309(a)(1) (Supp. 1989). We do not consider the argument for two reasons: (1) the argument was not made to the trial court, and (2) the amount in controversy was never established.

■ The plaintiffs' next argument is similarly without merit. In making it they first confess that they do not controvert the trial court's refusal to quiet title in them, but then argue "the trial court erred by not granting some type of relief sought by appellants in the complaint." They argue that they are entitled to a "right to peaceful possession of the property," but cite neither cases, nor authority, nor give a convincing argument about such a right. Under such circumstances we do not further consider the issue. *Knowles v. Salazar*, 298 Ark. 281, 766 S.W.2d 613 (1989).

■ Defendant Minor attempts to cross-appeal from the trial court's ruling refusing to quiet title in him. We dismiss his cross-appeal because he did not give notice of the cross-appeal. The matter comes about in the following way. Defendant Minor answered the plaintiffs' complaint and, in it, contended that he owned the land. However, he did not ask that his title be quieted and, because of that, the Chancellor declined to quiet his title. Now, on appeal, he seeks to have this court reverse the Chancellor and quiet title in him. We are without jurisdiction to do so. A notice of cross-appeal is necessary when an appellee seeks something more than he received in the lower court. *Independence Fed. Sav. & Loan Ass'n v. Davis*, 278 Ark. 387, 646 S.W.2d 336 (Supp. Op. at 393-A 1983).

Affirmed on direct appeal; cross-appeal dismissed.