The Honorable Joe Yates State Senator 1812 Clark Bentonville, Arkansas 72712-6289
Dear Senator Yates:
This is in response to your request for an opinion on the following questions:
 On February 9, 1993, a veteran who appears to meet the qualifications for tax exemption under Arkansas Statutes regarding veterans' exemption purchased land from a non-exempt individual.
 Does Arkansas Statute Ann. Section 84-426 [A.C.A. § 26-26-1201] apply to veterans' exemption in the same manner as it does to other exemptions as defined in Opinion No. 81-022? If not, when does the exemption affect the payment of property taxes?
 Are taxes payable for the year 1992 to be collected in 1993? Are taxes payable for the year 1993 to be paid in 1994?
In my opinion the conclusion reached in Op. No. 81-022, with one modification, generally holds true for the veteran's exemption as well.[1] In my opinion, under the facts given, taxes are payable by the veteran for the year 1992 to be collected in 1993, and taxes are payable by the veteran for the year 1993 to be collected in 1994.
The opinion you reference, No. 81-022, concluded, in response to a question about the taxable status of nonexempt property purchased by a municipality (an exempt entity) during a calendar year, that the question turns upon the status of the property as of the first day of January. It was noted that property in Arkansas is assessed according to its value as of January 1 (A.C.A. § 26-26-1201), and that all taxes assessed shall be a lien upon the property from the first Monday in January of the assessment year until the taxes are paid. A.C.A. § 26-34-101. This last cited statute also provides, however, that "as between grantor and grantee, the lien shall not attach until the last date fixed by law for the county clerk to deliver the tax books to the collector in each year after the tax lien attaches." This date is the third Monday in February of the year following the tax year. A.C.A. § 26-28-108.
After noting that Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of a year in which a taxable organization holds the property,[2]
Opinion No. 81-022 concluded that if the property was taxable as of January 1, taxes should be assessed for the entire year, without regard to a change in status during the year. Seealso Op. Att'y. Gen. Nos. 86-494, 87-444, and 92-189. It was also concluded, however, that as between buyer and seller the taxes would not attach until the third Monday in February of the following year. A.C.A. § 26-34-101(b). It was concluded in light of this provision that if the seller delivered a warranty deed to the buyer after this date, (the third Monday in February of the following year) the seller would be liable under his warranty deed for the previous year taxes. The lien (which as between grantor and grantee attached on the third Monday in February of the following year) would constitute an encumbrance on the property which would be covered by the warranty deed. See,e.g., Hatch v. Lowrance, 178 Ark. 274, 10 S.W.2d 358 (1928), and Broadhead v. McEntire, 19 Ark. App. 259, 720 S.W.2d 313
(1986). If, however, the seller delivers a warranty deed to the buyer before this date, (before the third Monday in February of the following year) the seller is not liable under the warranty deed for the taxes, because the lien had not attached as betweengrantor and grantee at the time the grantor gave the warranty. A.C.A. § 26-34-101. If the sale occurred after the first Monday in January, however, the lien against the property had already attached, and after this date, as between the taxing unit and anyone owning the property, the property is subject to execution to satisfy the taxes. The buyer, must, therefore, if he wishes to prevent the taxing unit from enforcing the lien against the property, pay the taxes if the seller is not required to or otherwise doesn't.
It is my opinion that this analysis applies equally to transfers of property involving veterans who are eligible for the exemption found at A.C.A. § 26-3-306 (1987). See Op. Att'y Gen. No.87-444 at 2 (copy enclosed). It is my opinion, however, that the taxable status of the property is to be determined not as of January 1 of each year, as noted in Opinion No. 81-022, but as of the first Monday in January, when the lien attaches to the property. If the property is taxable as of this date, the lien will attach and bind the property. If the property is not taxable as of this date (i.e., held by an exempt entity), there is authority for the proposition that the lien will not attach.Cf. Hubble v. Grimes, 211 Ark. 49, 199 S.W.2d 313 (1947) andDuncan v. Board of Directors of Newport Levee District,206 Ark. 1130, 178 S.W.2d 660 (1944).[3]
In response to the remainder of your questions, therefore, taxes for 1992 are clearly owing against the property and should be collected in 1993. The lien for these taxes attached in January of 1992, more than a year prior to the sale to the veteran. As between grantor and grantee, the lien for these taxes attached on the third Monday in February 1993, (February 23). Because the sale occurred prior to this date, (on February 9, 1993), the seller is not liable for the taxes under a warranty deed. The buyer, however, (the veteran) must pay the taxes on the property and thereby satisfy the lien.
With regard to the 1993 taxes to be collected in 1994, it is my opinion that the veteran will be liable for these taxes. The lien against the property for the 1993 taxes attached on January 4, 1993. The sale occurred on February 9, 1993. The veteran therefore purchased property which was subject to a tax lien. As between the veteran and the seller, however, the lien would not have attached until February 23, 1994. Any warranty deed from the seller given on February 9, 1993, would therefore not include a warranty against these taxes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This exemption is found at A.C.A. § 26-3-306 (1987) and exempts qualified veterans from the payment of state taxes on their homesteads. I assume therefore that the "land" in question is the veteran's homestead under A.C.A. § 26-3-306 and that there was no agreement in the documents evidencing the sale as to which party was responsible for these taxes. It should be noted additionally that this office has opined that this exemption is contrary to the Arkansas Constitution. See Op. Att'y Gen. No.91-265.
[2] It should be noted that after the issuance of the 1981 opinion, the legislature enacted Act 354 of 1989, which prorates the taxes when a veteran sells his home to a non-exempt individual. See also A.C.A. § 26-26-1107. Because your question, however, involves the purchase of land by a veteran, these provisions are not applicable to the facts at hand.
[3] In Duncan, the court reaffirmed several Arkansas cases holding that when a drainage or improvement district acquires title to lands before the lien for state and county taxes become fixed, they are exempt from taxation or assessment. In this case the levee district had purchased the land at a foreclosure sale, and the sale was confirmed prior to the attachment of the lien. The district, however, did not have a deed to the property as it was waiting the expiration of the two-year period of redemption. The court held that the district had "at least . . . equitable title" and this was sufficient to prevent the lien from attaching. See also Hubble, supra. The question of whether the mere entry into a contract of sale by a veteran [which normally also gives the vendee equitable title (see McKimv. McLiney, 250 Ark. 423, 465 S.W.2d 911 (1971)], demands a similar result has never been addressed by the court.