PARSONS *v.* BARNETT.

4-3708

Opinion delivered November 19, 1934.

1058

W. K. Ruddell and S. S. Jefferies, for appellant.

Dene H. Coleman and Wallace Townsend, for appellee.

McHaney, J. Appellant, a qualified elector and taxpayer in Batesville School District No. 1 of Independence County, brought this action against appellees as the board of directors of said district to enjoin them from issuing refunding bonds in the sum of $110,500 to take up a like sum of outstanding bonds of the district. The complaint filed for this purpose alleged a number of grounds of invalidity of the proceedings taken, to which a demurrer was interposed and sustained. The complaint was dismissed as being without equity, and this appeal followed.

At the annual school election held May 19, 1934, the ballot used gave the electors the choice of voting "for school tax" and "against school tax," and also for and against "18 mills school tax, including 6 mills for building fund." It then provided: "The building fund is for a proposed refunding bond issue of $112,500, and will run for twenty years and whatever number of mills is voted for the building fund will be a continuing levy of that amount on the real and personal property now embraced in this district until said bonds and interest are paid." The names of four persons as candidates for school directors were also placed on the ballot with instructions to vote for two, and the name of one candidate for State Board of Education. The county judge canvassed and certified the result of said election, showing, among other things, that a tax of 18 mills had been voted—12 for school purposes and 6 for building fund. Thereupon, appellees, the directors of said district, had bonds printed of the face value of $110,500, executed them, as also a deed of trust and pledge securing said bonds by a mortgage on all the property of the district and pledge of the

annual revenues derived from a six mill building fund tax for twenty years, or until all the bonds and interest of the refunding issue of $110,500 are paid. They thereupon gave notice of the sale of said refunding bonds by publication, sale to be to the highest bidder for cash or for exchange for outstanding bonds, reciting certain conditions and the date of sale, August 30, 1934. One bid was received as follows: For $3,000 of 6 per cent. bonds, a surrender would be made of a like sum of bonds issued April 1, 1915; for $40,000 of 5 per cent. bonds a surrender would be made of a like sum of bonds issued January 1, 1923; for $43,000 of 5½ per cent. bonds, a surrender would be made of a like sum of bonds issued August 1, 1926; and for the remainder, $24,500 of 5 per cent. bonds, a surrender would be made of a like sum of bonds issued March 2, 1931. One of several conditions of this bid is as follows: "This offer is upon the condition that the district will set aside into a building fund the entire proceeds of the annual building fund tax of six mills which this district voted on May 19, 1934, for the retirement of this bond issue. The said building fund is to be kept solely for the following purposes"; setting them out.

For a reversal of the judgment, appellant first contends that § 1, act No. 28 of the Special Session of 1933, approved September 2, 1933, which amended § 65 of act No. 169, 1931, page 476, is unintelligible because of the following language used in the act: "Hereafter on the proposed issue of bonds by any school district, either for the purpose of borrowing money or to refund any outstanding bonds of said district, the directors shall submit to the electors of the district either at the annual school election or at a special election called for that purpose * * * at which the electors shall vote on the question of the number of mills to be set aside in the building fund to pay the bonds and interest on the proposed issue." The criticism is that the language employed requires the directors to "submit" something without stating what is submitted. It must be admitted that the sentence is awkwardly drawn, but the whole act leaves no doubt about what they were to submit to the

electors. The question to be submitted was the voting of a building fund in the manner and form prescribed in said act 28. Section 65 of act 169, 1931, provided for the voting of a continuing levy for a building fund, but it did not provide that such facts should be printed on the ballot to be used at the election at which the continuing levy was voted. The object of the amendatory act No. 28 was to advise the electors of the fact that a continuing levy for the building fund was to be voted for and the number of years the levy should run. The purpose of the act is therefore clear, and it is not subject to the criticism made of it by appellant.

It is next said that the notice given of the annual school elections in this and other districts in the county was not a proper notice because not signed by the directors. The notice was signed by the county judge and the county examiner. It correctly stated the nature of the election, the date and hours as fixed by law and that: "Electors will vote on local district tax, for local school directors and any other question that may be submitted by the local directors." We do not here decide whether the notice should have been signed by the directors or by the county judge, as such failure, if it be a failure, did not invalidate the election as it is a mere irregularity. *Wallace* v. *K. C. Sou. Ry. Co.*, 169 Ark. 905, 279 S. W. 1. In that case we quoted from *Hogins* v. *Bullock*, 92 Ark. 67, 121 S. W. 1064, which is a quotation from *Jones* v. *State*, 153 Ind. 440, 55 N. E. 229, as follows: "All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election or unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission shall render it void." Therefore the failure to give a proper notice, or a notice signed by the proper officials could not have the effect of voiding the election.

The next argument made for the reversal of the judgment is that the ballot used in the annual election held May 19, 1934, did not comply with the provisions of said act 28. The act provides, with reference to the ballot, the following: "The ballots shall state plainly in the same size type and immediately following the words, 'for ........ mills for building fund,' that the proposed bonds will run for the number of years agreed upon between the directors and the bond broker, and that whatever number of mills is voted for the building fund will be a continuing levy of that amount on the real and personal property then embraced in said district until said bonds and interest are paid, and that shall be the effect of said election." The ballots had printed on them the matters herein above stated. Instead of printing the information required by the act as above quoted, immediately following the words "for 18 mills school tax, including 6 mills for building fund," such information was printed below the words "Against 18 mills school tax including 6 mills for building fund." We think this is a substantial compliance with the requirements of the act. Said act 28 further provides: "They shall show on the ballot the proposed levy for school purposes and the part thereof to be voted for and placed in the building fund. The ballots shall show the number of mills to be voted for the building fund." It is conceded by appellant that the act was literally complied with in the printing of the ballots except that the information regarding the building fund as to its being a continuing levy and the number of years it was to run did not immediately follow the words, "for 18 mills school tax including 6 mills for building fund." The very purpose of the act was to advise the voter what the effect of his ballot would be. Prior acts made no such requirement regarding the printing of such information on the ballot. Each elector had his choice of voting first, "for or against" the school tax and second, for or against "18 mills school tax, including 6 mills for building fund."

Another contention made by appellant is that the county judge and the county examiner canvassed and certified the result of the election instead of the county

1062

court. It is true that under § 30, act 169, 1931, the duty of certification devolved upon the county board of education, and that by act 247, of 1933, the duties exercised by the county board of education were transferred to the county courts of the respective counties of the State. There is no contention that the county judge and the county examiner did not correctly canvass and certify the result, and no contest thereof was had. We think the mere fact that the county judge instead of the county court certified the result is an irregularity, and that it should not be permitted to invalidate the election. It is also contended that the form of the certificate as to what tax was voted is insufficient to constitute a levy of any tax,—that it is unintelligible. We cannot agree with this contention. It shows that in district No. 1, which is appellee district, two persons were elected directors to serve for a five and four year term respectively, and that a 12 mill and a 6 mill tax were voted. Based upon this certificate a 12 mill tax for school purposes was levied and a 6 mill tax for building purposes was levied. We think this is sufficiently intelligible to justify the levy made.

It is next contended that the offer to purchase the refunding bonds was merely one for the exchange of the bonds outstanding for new or refunding bonds and not for cash, as it is contended the statute requires. Section 65 of act 169, 1931, and act 28 of the special session of 1933 authorize the refunding of outstanding bonds by school districts. It would be a useless procedure to require the holders of the outstanding bonds to pay cash for the refunding bonds and then take the cash back on the surrender of the outstanding bonds, and we do not understand the statute so requires. It is further contended that the electors voted for a bond issue for $112,500, whereas the board finds it necessary to issue only $110,-500 in refunding bonds. Since the amount to be issued is less than the amount authorized, certainly this is to the advantage of the district and does not prejudice its interests in any way.

The concluding sentence of said act 28 tends to cloud the act with some uncertainty. It is as follows: "In

no other case shall the voting of any building fund have the effect to make the same a continuing levy, and it is hereby declared to be the legislative intent that no voting of a building fund by any school district in this State since the passage of act 169 of the Acts of the General Assembly of 1931, shall have the effect to be a continuing levy except where money was actually advanced to a school district since the passage of said act and in reliance thereon, but in no other case.'' What the Legislature evidently intended was to annul or make void the voting of a building fund which would be a continuing levy since the passage of act 169 of 1931, and prior to the passage of said act 28. No doubt the reason for such action was that the electors in some cases had, during such a period, voted for a building fund, which had the effect of being a continuing levy, without knowing such to be the fact. Said act 28 provides for such information to be printed on the ballot, and it then said that: ''In no other case shall the voting of any building fund have the effect to make the same a continuing levy, etc.'' We therefore hold that said act 28 authorizes the voting of a continuing levy for a building fund, when the act is complied with, and this matter of voting a continuing levy in school districts for building funds has twice been held by this court to be constitutional. *Woodruff* v. *Rural Special School Dist.*, 170 Ark. 383, 279 S. W. 1037; *Ruff* v. *Womack*, 174 Ark. 971, 298 S. W. 222.

We find no error, and the judgment is affirmed.