BAY SPECIAL CONSOLIDATED SCHOOL DISTRICT No. 21.
v. HALL.

4-4773

Opinion delivered July 5, 1937.

*Roy Penix*, for appellants.
*Wallace Townsend*, for appellee.

McHANEY, J. Appellee, a property owner, brought this action against appellant district and its board of directors to enjoin them from issuing $20,000 of 4½ per cent. bonds of the district to refund $15,000 of 6 per cent. bonds issued in 1928, and $5,000 of new bonds, $1,400 of which would be used to make repairs to, and purchase equipment for, the school building, and $3,600 of which was to replace money diverted from the general operating funds to the building fund in 1934, which caused a deficit of $3,600 in the amount of the operating funds. The facts are that the district has an indebtedness of $15,000 of 6 per cent. bonds issued in 1928. In 1934, with the help of the W. P. A., the district, at a cost to it of $5,838.37 for materials, built a school building. It gave its warrants for this amount and these warrants were paid out of the district's general funds for the operation and maintenance of its schools, with the result that it has a deficit in its general funds of approximately the cost to it of the building. When the district receives its tax funds annually, this deficit is temporarily wiped out, but in the operation of the school this deficit reappears and increases from month to month until along in mid-term it is practically the full amount of the cost to it of the building. The 1937 flood damaged the building and equipment and it is now necessary to repair and purchase additional equipment to the extent of $1,400 and the district desires to sell bonds in addition to the $15,000 of refunding bonds to pay the cost of the repairs and equipment and to put $3,600 in its operating fund to cover said deficit. Appellee filed a complaint alleging these facts and charging that the additional $5,000 in bonds, sought

to be issued, would be illegal and void and prayed that the district be enjoined from issuing same. Appellant answered, admitting the material allegations of the complaint, denying the illegality of the proposed issue and alleging that it now has outstanding warrants unpaid against its funds amounting to $3,600 and that the reason for the deficit was because of the diversion of its general funds to the building fund in the sum of $5,838.37, and that the purpose of the proposed issue of the new bonds is to replace the money belonging to the general operating funds and to make repairs and purchase equipment in the amount of $1,400. The complaint also alleged and the answer admitted that appellants were advertising an election to be held on May 29, 1937, for the purpose of voting on a bond issue and on a 7-mill continuing tax levy on the property in the district beginning with 1938 to pay the principal and interest on the proposed refunding bond issue of $15,000, and $5,000 additional bonds. It is conceded that the election was held and that the property owners unanimously voted for the bond issue of $20,000 and the continuing levy of 7 mills. The appellee interposed a demurrer to appellants' answer on the ground that it did not state a defense to the complaint. The court overruled the demurrer in part, holding that the $15,000 proposed refunding issue and a new issue of $1,400 for repairs and equipment were valid and within the power of the district. It sustained the demurrer as to $3,600 proposed issue to cover the deficit in the general operating funds and held valid and binding the result of the election voting a 7-mill continuing tax levy for the security of $16,400 in bonds although the property owners voted for said continuing levy for a $20,000 bond issue. From this decree there is an appeal and a cross-appeal.

Disposing of the cross-appeal first, cross-appellant contends that the bonds authorized to be issued by the decree of the court cannot be combined into one issue. He concedes that the district has power to issue refunding bonds to take up its outstanding bonds and it is conceded that it has power to issue new bonds for the purpose of making repairs and equipment in the sum of $1,400, but it is said it cannot combine the two issues into

one bond issue. We think the cross-appellant is wrong in this contention. Section 72 of act No. 169 of 1931, provides that refunding bonds shall state on their face that they are refunding bonds, and it would seem to be a simple matter to so designate them although at the same time the district might issue additional new bonds. That part of the proposed issue could be handled just as any other refunding bond issue and the fact that they would be a part of a larger issue would not, in our opinion, change their character as refunding bonds nor deprive them of the benefit of the continuing millage voted for their payment.

It is, also, contended by cross-appellant that the building fund voted on May 29, 1937, and the continuing levy therefor, are invalid because not responsive to the election. In other words, because the people voted for a $20,000 bond issue and a continuing levy of 7 mills, it is said that the district cannot now issue $16,400 in bonds with the continuing levy of 7 mills. Cross-appellant is wrong in this contention, and we think the principle announced in *Parsons* v. *Barnett,* 189 Ark. 1057, 76 S. W. (2d) 83, is controlling here. We there said: ''It is further contended that the electors voted for a bond issue for $112,500, whereas the board finds it necessary to issue only $110,500 in refunding bonds. Since the amount to be issued is less than the amount authorized, certainly this is to the advantages of the district and does not prejudice its interest in any way.'' Here, the electors authorized the directors to issue $20,000 in bonds. By a proceeding in court, it has been determined that only a part of this amount would be legal, so the principle announced in that case rules this.

The principal question in the case is the one raised on direct appeal and that is the right of the district to sell bonds to replace the deficit in its general funds, from which it was diverted for building purposes. We think the court correctly held that the district may not do this, and that the point is ruled by the decision of this court in *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. (2d) 225. We there said: ''In the present case, the district might have issued bonds in the sum of $58,500, which represented the

outstanding indebtedness of the district at the time of the passage of the act; but the district did not choose to do so. It paid the sum of $11,093.89, and this had the effect of extinguishing that much of the outstanding indebtedness. Consequently, the district would only have power and authority under the act to issue bonds for the remaining indebtedness, which was outstanding as of March 25, 1931. If it had paid all of the indebtedness of the district out of the tax moneys due the district from the collection of tax money due the school district, it would not have had any authority to issue bonds at all. Having paid only a part of the outstanding indebtedness of the date of March 25, 1931, it has the power and authority to issue bonds in the principal sum of $58,500, lessened by the sum of $11,093.89, which has been paid since that date.''

So, here, appellants could have issued bonds in the amount of $5,000 to defray the cost of the new building. They did not do so, but paid the cost of its building out of its general funds. That indebtedness has been paid. It is no longer a debt for material and supplies in the construction of the building. The indebtedness now existing is represented by warrants issued for teachers' salaries and other expenses of operating the school. There is nothing in the statute which prohibits the payment of such indebtedness from its general funds, and having done so, we are of the opinion that the debt is extinguished and bonds cannot now be issued under the guise of an indebtedness for building.

We find no error, and the decree is, accordingly, affirmed.