COHN *v.* DIXON, ADMINISTRATOR.

4-8341                                          205 S. W. 2d 845

Opinion delivered November 24, 1947.

*Wm. J. Kirby,* for appellant.

*Tilghman E. Dixon,* for appellee.

ROBINS, J. The lower court granted appellees' prayer for cancellation of a deed executed by the State Land Commissioner conveying to appellant lot 14, block 2, Tuxedo Park Addition to the City of Little Rock. Appellant has appealed.

This property, owned in 1942 by E. B. Braddock, deceased, was in 1943 forfeited and·sold to the state for non-payment of taxes for the year 1942; and the only issue here is the validity of the tax sale.

The lower court held that the sale was void because the property was sold for an excessive amount of taxes, in that there was included in these taxes an 18 mill levy for school taxes, whereas, as the court below found, a levy of only 13.25 mills was authorized by the voters.

The records introduced in evidence below disclosed that at the school election held in Little Rock on March 21, 1942, the electors voted a school tax of 13.25 mills; and that at the ensuing session of the quorum court a tax for said district was levied as follows: "Maintenance .01325, Building Fund .00475."

But it was also shown that at a special election held in the Little Rock Special School District on November 20, 1935, called in pursuance of Act No. 28 of the General Assembly, approved September 2, 1933, the electors voted a tax of 4¾ mills, to continue for twenty years, in order to enable the district to negotiate a $55,000 bond issue for building purposes.

Appellees in their brief say: "Appellees contend, and such was the holding of the chancellor, that the electors of a school district must at the annual school election vote the total millage to be levied that year, that the total millage to be extended each year must be voted each year at the annual school election, and that the quorum court must levy the school tax exactly as voted at the annual school election."

It is apparent that the lower court refused to give any effect whatever to the provisions of Act No. 28 of

1933, and to the 1935 special election held in pursuance of the provisions of this Act.

In the case of *Parsons* v. *Barnett,* 189 Ark. 1057, 76 S. W. 2d 83, we had under consideration the validity and effect of the Act involved herein, and we there said: "We therefore hold that said Act 28 authorizes the voting of a continuing levy for a building fund, when the Act is complied with, and this matter of voting a continuing levy in school districts for building funds has twice been held by this court to be constitutional. *Woodruff* v. *Rural Special School Dist.,* 170 Ark. 383, 279 S. W. 1037.; *Ruff* v. *Womack,* 174 Ark. 971, 298 S. W. 222." See, also, *Lakeside Special School District of Chicot County* v. *Gaines,* 202 Ark. 778, 153 S. W. 2d 149; *Oak Grove Consolidated School District No. 9* v. *Fitzgerald,* 198 Ark. 507, 129 S. W. 2d 223.

Since the electors of the district had, at the 1935 election, authorized the 4¾ mills tax to continue for twenty years, and since they voted the 13¼ mills tax in 1942, the quorum court properly levied a total of 18 mills tax for the district in that year. The only defect in the tax sale urged below or here is the asserted excessiveness in the levy of school taxes. No such defect is established by the record, and the sale must therefore be held valid. The lower court erred in canceling the deed of the Land Commissioner to appellant.

The decree appealed from is reversed and the cause remanded with directions to enter decree in favor of appellant.