SIMS *v.* HAZEN SCHOOL DISTRICT No. 2.

4-8962                                                221 S. W. 2d 401

Opinion delivered June 20, 1949.

Rehearing denied July 4, 1949.

*John D. Thweatt,* for appellant.

*Sharp & Sharp,* for appellee.

HOLT, J. Appellant, Sims, a resident and taxpayer in Hazen School District No. 2 (Prairie county), for himself and all others similarly situated, filed a complaint in which he alleged, in effect, that appellee, School District, by its Board of Directors, proceeding under Act 161 of the General Assembly of 1949 (Approved February 24), held a special election for the purpose of voting a six mill tax to support a bond issue of $75,000, for new construction, improvement of its present school facilities, and for refunding outstanding bonds which the district owed.

He further alleged that the special election (held April 30, 1949) favored the tax and bond issue by a vote of 33 for, and none against, but that said special election was void and of no effect for the reason that Amendment No. 40 of the Constitution of Arkansas, adopted November 2, 1948, prohibits the holdings of a special election for such purpose, regardless of any legislative enactment.

His prayer was for an order "restraining the defendant, district, from proceeding any further in its effort to execute and deliver the hereinabove described bond issue and to pledge a continuing building fund for its payment," etc.

Appellee filed demurrer, alleging, in effect, that the complaint failed to state a cause of action. The trial court sustained this demurrer, and this appeal followed.

The primary and decisive question presented is: Can the appellee, School District, impose the tax, voted here, to support a bond issue, as alleged, at a special election held for that purpose?

We hold that it cannot for the reason that Amendment No. 40 of our Constitution, adopted November 2, 1948, prohibits the imposition of such a tax unless it has

been approved by a majority vote of the qualified electors of such School District at an annual school election, and not at a special election, as was attempted here.

The General Assembly could not by any provision of Act 161, supra, do anything forbidden by the Constitution. We said in *Hart* v. *Wimberly*, 173 Ark. 1083, 296 S. W. 39: "The act . . . could not have the effect of amending the Constitution, as would be the result if the contention of counsel be correct. The Legislature cannot cure a proceeding made void by the Constitution, and no act that it passes can breathe vitality into a thing that is dead. The Legislature cannot do indirectly a thing directly prohibited by the Constitution."

Such is the effect of our holding in the recent case of *Adams* v. *DeWitt Special School District No. 1,* 214 Ark. 771, 218 S. W. 2d 359.

That decision is controlling here.

In this connection, we may add that we have not overlooked Act 270 of the 1949 General Assembly, (approved March 10th).

Accordingly, the decree is reversed and the cause remanded with directions to overrule appellee's demurrer.

Justice McFaddin concurs.

ED. F. McFADDIN, Justice (Concurring). Even under the holding of this Court in the case of Adams v. DeWitt Special School District, 214 Ark. 771, 218 S. W. 2d 359, I think there could still be a special election in order to determine the views of the voters, as an aid to the school directors in preparing the next annual budget; but such special election would be persuasive rather than legal. Insofar as concerns the issuance of bonds on the authority of a special election, there is no sound distinction between the holding in the case of Adams v. DeWitt Special School District, *supra,* and the holding of the majority in the case at bar.

The purpose of this concurring opinion is to specifically call attention to the fact that—even though I dis-

sented from the majority in the case of Adams v. DeWitt Special School District, *supra*—nevertheless, as a judge, I must accept the decision of the majority in that case as ruling in the case at bar. No finer expression can be found on this matter of subsequent yielding than the language of Mr. Justice BATTLE in Logan v. Eastern Arkansas Land Co., 68 Ark. 248, 57 S. W. 798, in which he followed the holding in an earlier case from which holding he had originally dissented. Here is his language:

"While the rule established in Cooper v. Freeman Lumber Company, 61 Ark. 36, 31 S. W. 981, 32 S. W. 494, does not accord with the views of the writer of this opinion, it is binding upon him as a precedent until it shall be overruled. 'Judges are not expected or required to overturn principles which have been considered and acted upon as correct, thereby disturbing contracts and property, and involving everything in inextricable confusion, simply because some abstract' rule of law has been incorrectly established in the outset."

In keeping with the spirit of the above quotation, I concur with the majority in the case at bar.