The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, AR 72086
Dear Mr. Feland:
This is in response to Deputy Prosecuting Attorney Larry K. Cook's request for an opinion regarding the placement of non-school related matters on the ballot at a school election. According to Mr. Cook, the Lonoke County Quorum Court wants the issue of a 9-1-1 emergency number to be placed on the ballot and voted on at the next school election to be held.
Our research has not disclosed any specific statutory or case law authority on this question. A review of the election provisions as a whole, however, suggests that while there may be authority for placement of the 9-1-1 issue on the ballot in a general or special election wherein school-related matters will also be voted on, practical problems arise if other issues are placed on the ballot in a separate school election or the annual school election.
For instance, this office has previously stated that school election expenses are to be paid by the school board out of the school fund. See Att'y Gen. Op. 90-287 (copy enclosed). If non-school related issues are placed on the school election ballot, the costs will, presumably, be paid from school funds. Consideration must be given in this regard to the constitutional prohibition against the diversion of school funds. Ark. Const. Art. 14, §§ 2 3. Although there appear to be no cases directly on point, it might be successfully contended that school funds have been unlawfully diverted to non-school purposes where another issue appears on the ballot and is voted on at the school election.
By way of contrast, the legislature has provided for the sharing of expenses where school races, questions, and issues are placed on the ballot in general or special elections for Presidential, congressional, state, district, county, township, or municipal offices. See A.C.A. § 7-5-104.[1] We have found no provision for sharing expenses other than as authorized under §7-5-104.
Even if the school district and the county came to some agreement for sharing expenses, the location of polling places in school elections presents additional practical problems. Under A.C.A. §6-14-106, where a school has territory in more than one county, polling places may be designated in the county in which the district is domiciled for administrative purposes. A.C.A. §6-14-106(b)(2). All qualified electors, regardless of their county of residence, may vote at these polling places. Id. If the 9-1-1 issue is placed on the school election ballot, votes will be cast on that issue by non-residents of the county. The legislature surely did not have this in mind, as is perhaps reflected by the fact that there is no provision for the sharing of expenses when non-school related issues are placed on a school election ballot.
With regard, specifically, to the annual school election, because the purpose of that election is clearly set out in the constitution, (see Ark. Const. Art. 14, § 3), it is my opinion that the argument is even more persuasive that other questions unrelated to school matters should not be included on that election ballot. In addition to the constitutional mandate for the annual school election, it should be noted that a school district cannot impose a school tax at a special election. The Arkansas Supreme Court in Sims v. Hazen School Dist.,215 Ark. 536, 221 S.W.2d 401 (1949) stated: "We hold that . . . Amendment No. 40 [Art. 14, § 3] of our Constitution . . . prohibits the imposition of such a tax unless it has been approved by a majority vote of the qualified electors of such School District at an annual school election, and not at a special election, as was attempted here." 215 Ark. at 538.
It may be contended that the annual school election is in fact a special election if other non-school issues are placed on the ballot and voted on at the election. This also raises doubts with regard to the inclusion of the 9-1-1 question on the annual school election ballot.
In conclusion, while the answer to your question is not absolutely clear from a review of the statutes and case law, prudency dictates that the 9-1-1 emergency service issue not be placed on the school election ballot. It is my opinion that a court, if faced with this question, would likely conclude that this cannot lawfully be done.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Section 7-5-104 states:
 All expenses of general or special elections for Presidential congressional, state, district, county, township, or municipal offices in this state shall be paid by the counties in which they are held. However, any city, incorporated town, or school district shall reimburse the county board of election commissioners for the expenses of any election in an amount equal to a figure derived by dividing the total cost of the election by a fraction, the numerator of which shall be the number of races, questions, and issues which the city, incorporated town, or school district placed on the ballot prepared by the county board of election commissioners and the denominator of which shall be the total number of races, questions, and issues placed on the ballot in the election.