The Honorable Ted Mullenix State Representative 140 Riverside Drive Hot Springs, Arkansas 71913
Dear Representative Mullenix:
This is in response to your request for an opinion on several questions concerning a school district's options for lowering it millage rate. Specifically, you have enclosed a letter from a local justice of the peace who poses the following questions in this regard:
 1) If a School Board votes to reduce millage by a certain amount,
 a) may the Board simply request Quorum Court to reduce millage accordingly? Or,
b) must there be a referendum? And if so,
 c) can a referendum be brought about simply by the Board's request? Or,
 d) by a Quorum Court resolution . . . or ordinance?
 2) If it must be changed by public referendum, is it first necessary for interest parties to circulate and perfect a petition to place it on the ballot? And,
 a) if, so, what are the rules; how many signatures from registered voters in a school district must be obtained? And,
 b) what is the exact language that must be used that conforms to statute? And,
 c) what do existing rules say about election dates, and are the [sic] pitfalls? Like,
d) must it be a special election? Or,
 e) may the election date be part of a general election?
It is my opinion, in response to all of the questions above, that the procedure for reducing a school district millage is found at Arkansas Constitution, art. 14, 3. That section provides in pertinent part as follows:
 The Board of Directors of each school district shall prepare, approve and make public not less than sixty (60) days in advance of the annual school election a proposed budget of expenditures deemed necessary to provide for [school purposes], together with a rate of tax levy sufficient to provide the funds therefor, including the rate under any continuing levy for the retirement of indebtedness. If a majority of the qualified voters in said school district voting in the annual school election shall approve the rate of tax so proposed by the Board of Directors, then the tax at the rate so approved shall be collected as provided by law. In the event a majority of said qualified electors voting in said annual school election shall disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding annual school election.
The section above does not specifically reference either the increasing or decreasing of previous millages. It provides only that each year at the annual school election a rate of tax shall be proposed to the voters for their approval or rejection. Presumably, if a school district found a lower rate than presently levied to be sufficient for school purposes in a given year, it could simply propose the lower rate for approval at the annual school election. Issues related to school district millages may only be presented at the annual school election, not at special elections. See generally, Adams v. DeWitt Special School District No. 1,214 Ark. 771, 218 S.W.2d 359 (1949) and Sims v. Hazen School District No. 2, 215 Ark. 536, 221 S.W.2d 401 (1949). But see A.C.A. 26-80-102 (1987).
It is therefore my opinion that the procedure to lower a school district millage is that the school district board of directors may propose the desired rate at the annual school election for adoption by the voters of the district.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh