The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, AR 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion regarding a school district tax levy. You state that the Board of Directors ("Board") of the Stuttgart School District passed a resolution on July 15, 1994, seeking a 4.75 mill tax increase, pending voter approval at the September 20, 1994 annual school election. You further indicate that as a result of the subsequent reappraisal of property within the District, the proposed tax rate exceeds the District's needs. You have asked the following specific question in this regard:
 Under what conditions may a school district's board of directors amend, modify, or withdraw a previously enacted resolution seeking voter approval of a millage increase?
It is my opinion that any amendment, modification or withdrawal of such a resolution must occur within the time specified in Article 14, Section 3 of the Arkansas Constitution for the Board to "prepare, approve and make public" the school budget and proposed tax. Article 14, § 3 states in relevant part as follows:
 [S]chool districts are hereby authorized to levy by a vote of the qualified electors respectively thereof an annual tax for the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness, the amount of such tax to be determined in the following manner:
 The Board of Directors of each school district shall prepare, approve and make public not less than sixty (60) days in advance of the annual school election a proposed budget of expenditures deemed necessary to provide for the foregoing purposes, together with a rate of tax levy sufficient to provide the funds therefor, including the rate under any continuing levy for the retirement of indebtedness. If a majority of the qualified voters in said school district voting in the annual school election shall approve the rate of tax so proposed by the Board of Directors, then the tax at the rate so approved shall be collected as provided by law. In the event a majority of said qualified electors voting in said annual school election shall disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding annual school election.
Ark. Const. art. 14, § 3 (emphasis added).
There is no statutory provision or case law directly answering your question regarding the "conditions" under which the tax rate initially proposed by Board resolution may be amended, modified or withdrawn. We do know, however, from the language of art. 14, § 3 that the amount of the tax is to be determined in the manner set forth in that constitutional provision. And the Arkansas Supreme Court has stated that this procedure is mandatory. The court in Lewelling v. Mansfield School Dist., 240 Ark. 237,398 S.W.2d 665 (1966) stated:
 The record in this case reflects that appellees attempted to follow the provision of Amendment 40[1] in proposing their budget and tax levy, in publishing notice of same, and in preparing the ballot for the annual school election. This was mandatory.
240 Ark. at 240.
It is thus clear that the Board's duty to determine the necessary rate of tax derives from a mandatory constitutional provision. As stated in Henry v. Stuart, 251 Ark. 415, 421, 473 S.W.2d 165
(1971), school directors are "charged with the constitutional responsibility of ascertaining the amount of money needed for the construction and operation of schools, and the rate of taxation necessary to raise the amount needed. . . ."
It also appears that variations from art. 14, § 3 will not be tolerated, as suggested in the Arkansas Supreme Court's refusal to authorize a special election for the levy of a school tax.See Henry v. Tarpley, 230 Ark. 722, 324 S.W.2d 503 (1959);Adams v. DeWitt Special School Dist. No. 1, 214 Ark. 771,218 S.W.2d 359 (1949); Sims v. Hazen School Dist. No. 2,215 Ark. 536, 221 S.W.2d 401 (1949). The court stated the following inAdams, supra:
 [Amendment 40] authorizes Districts to levy an annual tax (a) for the maintenance of schools, (b) for the erection and equipment of buildings, and (c) for the retirement of existing indebtedness. To effectuate these purposes, the Board of Directors, acting not less than sixty days in advance of the annual school election, shall make public a budget it has prepared and approved. With this budget the Board recommends an adequate tax levy. . . .
 There is no mention of a special election; nor is there direct or inferential recognition of Act 28 [of the First Extraordinary Session of 1933]. The Amendment is comprehensive in that it removes all prior financial restrictions upon the electorate.
214 Ark. at 773.
According to the dissent in Adams, the court construed art. 14, § 3 narrowly when it refused to authorize a special election. The following language from the dissent suggests that the absence of a direct prohibition against a special election did not persuade the court that such a procedure was authorized:
 I emphasize that there is nothing in Amendment No. 40 which prohibits the voting of the continuing levy at a special election. In the absence of such prohibition, I submit that the Amendment No. 40 should not be strictly construed — as the majority is doing — so as to restrict a power previously possessed by school district — i.e., special elections — when the entire Amendment No. 40 shows that its purpose was to enlarge the power of school districts.
214 Ark. at 775 (emphasis original).
It appears from the facts set forth in your correspondence that the tax rate proposed in the Board's resolution is adequate, or "sufficient" as stated in art. 14, § 3, to supply the necessary school funds. Apparently, the problem in this instance is that the proposed rate may actually exceed that which would be "sufficient." I can find no authority, however, for determining the tax in any manner other than that prescribed in art. 14, § 3. Under the approach reflected in the special election cases, art. 14, § 3 does not authorize any other procedure and such authority will not be inferred from the absence of an express prohibition. While the Board could, in my opinion, change the proposed rate within the time prescribed in art. 14, § 3, my research has yielded no authority for a subsequent change, that is, a change within sixty days of the school election. To conclude otherwise is to state, in essence, that the school board can propose a rate of tax at a time less than sixty days before the election. Yet it seems clear that the tax rate in that instance will not have been prepared, approved and made public in accordance with art. 14, § 3. And as noted above, this constitutional provision has been deemed mandatory.
In conclusion, therefore, it is my opinion that an effort to amend, modify, or otherwise change a proposed rate of tax within sixty days of the school election would in all likelihood be subject to challenge under Ark. Const. art. 14, § 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Amendment 40 to the Arkansas Constitution amended art. 14, § 3, as amended by Amendment 11.