The Honorable Randy Thurman State Representative P.O. Box 582 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following question:
 Do the state laws of Arkansas allow the Quitman School District to hold a special election (without suffering damage to its physical facilities) to propose an increase in the debt service millage before September 19, 1995?
It is my opinion that the answer to this question is "no."[1]
Amendment 40 to the Arkansas Constitution authorizes school districts to levy an annual tax "for the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness. . . ." Ark. Const. amend. 40, § 3. The rate of tax is determined through a budgeting process in advance of the election. The tax must be sufficient to provide the funds for the budgeted expenditures, and it must include the rate under any continuing levy. Id. The proposed tax becomes fixed if approved by a majority of the voters in the annual election. If disapproved, the rate adopted at the preceding annual election continues. Id.
The Arkansas Supreme Court has noted that "[t]he entire plan [under Amendment 40] revolves around the annual election, mentioned four times." Adams v. DeWitt Special School Dist. No.1, 214 Ark. 771, 218 S.W.2d 359 (1949). When faced with the question of whether a special election could be held to impose a tax to support a bond issue, the court in Adams stated:
 There is no mention of a special election [in Amendment 40]. . . . The Amendment is comprehensive in that it removes all prior financial restrictions upon the electorate. Buildings, equipment, existing indebtedness, maintenance, all may be cared for in the Board's recommendations, and finality needs only the approval of the majority of those voting.
214 Ark. at 773.
The court has thus clearly held that Amendment 40 does not permit or recognize special elections, but only annual school elections for determining fiscal affairs of school districts. See alsoSims v. Hazen School Dist. No. 2, 215 Ark. 536, 537-538
(holding that a school district could not call a special election to impose a tax to support a bond issue because Amendment 40 "prohibits theimposition of such a tax unless it has been approved by a majority vote of the qualified electors of such school district at an annual school election, and not at a special election, as was attempted here."), 221 S.W.2d 401
(1949); Henry v. Tarpley, 230 Ark. 722, 324 S.W.2d 503 (1959).
It must therefore be concluded, in response to your specific question, that the Quitman School District is not authorized to hold a special election to propose an increase in the debt service millage.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that the parenthetical regarding "damage to its physical facilities" has reference to a school board's authority, under A.C.A. § 6-14-102 (Adv. Code Serv. 1994-95), to change the date of an annual school election where the district suffers damage to its physical facilities in an amount exceeding $125,000 as a result of fire or other natural disaster. It should be noted that rather than authorizing a special election, this provision authorizes postponement of the annual election.