Mr. Vance Judd, Chair Lafayette County Election Commission P.O. Box 428 Lewisville, AR 71845-0428
Dear Mr. Judd:
You have presented the following question for my opinion:
 Can the voters of the Stamps School District file a petition with the Stamps School Board asking them to file with the Department of Education for permission to have another election in regards to the Lewisville/Stamps consolidation?
You indicate that the voters of both the Stamps School District and the Lewisville District voted in their annual school elections in September to approve a consolidation of the two districts. You further indicate that the voters in the Stamps School District also approved a millage increase at the same election. The school districts have not yet petitioned the State Board of Education to approve the consolidation. Apparently, some voters in the Stamps School District would now like to withdraw their approval of the consolidation, but would like to retain the millage increase.
RESPONSE
It is my opinion that state law does not provide authority for the course of action you have described under these particular circumstances.
State law does not explicitly address the precise situation you have described. That is, state law does not prescribe a course of action that is explicitly designed to enable the voters of a school district to withdraw their approval of a consolidation during the time period between their former approval of the consolidation in the school election and the issuance of the final order of consolidation by the State Board of Education, pursuant to A.C.A. § 6-13-1404.
Although state law does generally authorize school boards, when they deem it advisable, to petition the county court for a special election, see
A.C.A. § 6-14-105, it is my opinion that this procedure is not permissible in the situation you have described.[1] Under the provisions of A.C.A. § 6-13-1404, which set forth the conditions for consolidation, the election on the consolidation issue must be held pursuant to A.C.A. § 6-14-122. A significant requirement of that statute is that if a millage increase is considered in the same election with the consolidation, the two must be combined as a single issue. The pertinent part of the statute states:
 (a) The consideration of the question of the consolidation or annexation, of two (2) or more school districts, or parts thereof, in their entireties (K-12), may be made at the annual school election with the issue of combining the districts and the levying of a specified tax millage to support the new district placed on the ballot as a single issue, in order to assure that when the two (2) or more districts, or parts thereof, are combined into one district, a single millage will be levied for support of the new district.
A.C.A. § 6-14-122 (emphasis added).
When the Stamps School District held its annual election in September to consider the consolidation and the millage increase, it was required to place the consolidation and the millage increase on the ballot as a single issue. The voters' approval of the consolidation constituted their approval of the millage increase, and vice versa. The two issues cannot now be separated in a special election. It is impossible to determine whether the voters would have approved both of these issues if the two had been presented separately in the September election. Accordingly, it is impermissible to retain the approved millage increase on the basis of an assumption that it would have been approved separately. Moreover, the millage issue cannot be re-submitted to the voters separately from the consolidation issue in a special election, because state law prohibits the consideration of school millage questions at a special election; such questions must be considered in the school's annual election. See Simsv. Hazen School Dist. No. 2, 215 Ark. 536, 221 S.W.2d 401 (1949); Adamsv. DeWitt Special School Dist. No. 1, 214 Ark. 771, 218 S.W.2d 359
(1949); Ops. Att'y Gen. Nos. 96-008 and 94-338.
Thus, the consolidation issue cannot be presented separately at a special election because it cannot be separated from the millage issue. Accordingly, I must conclude that a special election on the consolidation issue cannot be held.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I do not here address the question of the scope of A.C.A. §6-14-105. Rather, my opinion herein is limited to the conclusion that the special election provided for in A.C.A. § 6-14-105 is not available for the purpose of reconsidering a consolidation that had previously been approved in combination with a millage increase.